CAHOON *et al. v.* LEVY *et als.*

Where counsel, in a cause pending in the Supreme Court, stipulate to submit the case to the Court on two grounds only, it is a clear waiver of all other assignments of error, and they will not be allowed to go behind such stipulation, and insist upon points other than those mentioned in the stipulation.

The case of Cahoon et al. *v.* Levy et al. (4 Cal. R., 243, and 6 Cal. R., 295,) reviewed and construed.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

This case has been before this Court three times, (4 Cal., 243, and 6 Cal., 295,) and the present opinion of the Court is a mere review of the former decisions of this Court.

*Crocker & Robinson* for Appellants.

*Moore & Welty* for Respondents.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

Isaac Nathan, garnishee; Prosser and Turton, intervenors. This is the third time this case has been before this Court. (4 Cal., 243; 6 Cal., 295.) We can not notice any of the points necessarily decided by this Court on the two former appeals. The learned counsel of the plaintiffs have assigned, in part, the same errors which they assigned upon the second appeal, especially that the District Court erred in refusing to enter judgment against Nathan, in obedience to the judgment of this Court upon the first appeal. Upon the hearing of the second appeal, this Court first decided the case upon a point not stated in the record, or in the report of the case. The parties then filed a stipulation expressly waiving that point, and re-submitting the case upon two "points only:" *first,* for this Court to determine from the record whether the service of the garnishment upon Nathan was prior to the notice of lien of the sub-contractors; *and, second,* if so, whether the attaching-creditor or the sub-contractor was entitled to the money in controversy; and that judgment be rendered upon the fact and law so found.

This stipulation was a clear waiver of all other assignments of error. The parties having placed the case upon two points *only,* with an express stipulation "that judgment be rendered upon the fact and law *so found,*" are now precluded from going behind the stipulation and insisting upon any assignments of error previously made.

It will be seen, upon an examination of the opinion of this

Court, in the Sixth Cal. Rep., that the latter point only is noticed.  But it is evident that this Court intended to decide both points.  The decision of the first point was indispensable, in order that the Court might reach the second.  Upon either theory, as to the lien of the sub-contractors, they were entitled to judgment, unless Nathan was garnisheed *before* their notice of lien was served upon him.  It was only necessary for this Court to decide the second point, *after* they decided the first in favor of the plaintiffs.  This is clear, from the fact that the District Court had expressly found that there had been no service upon the garnishee.  Before the judgment of the Court below could be reversed at all, it was absolutely necessary to hold that this finding of the District Court was erroneous.

This Court held that the lien of the sub-contractors attached only upon the service of notice thereof; and, as the decision of the Court below was in their favor, it could only be reversed upon the ground that the service upon the garnishee was prior to the service of the notice of the lien.

We are clearly of opinion that the decision of this Court was made upon both points in favor of the plaintiffs, and was " decisive of the whole subject-matter of the controversy."  The plaintiffs were entitled to judgment upon filing the *remittitur* in the Court below.

For these reasons, the judgment of the Court below is reversed, and that Court will enter up judgment for the plaintiffs.