Storrs, C. J.
The only question made by the plaintiff in error, is, whether the declaration on which judgment was rendered in this case is defective, for the reason that the last count in it is in case, and for a different cause of action from that which is set forth in the other two counts with which it is united, and which are confessedly in trespass. Both of these conditions are necessary in order to invalidate the declaration, since the passage of the act of 1886, (Rev. Stat., tit. 1, § 274,) providing that counts in trespass on the case founded in tort and counts in trespass, for the same cause of action, may be joined. If, therefore, the last count in this declaration is izot in case but in trespass, or if it is in case but for the same cause of actiozi as that set forth in the others, the objection of misjoinder fails.
We are strongly inclined to the opinion that, if the thiz’d count is in case, it sufficiently appears that it sets forth the *same cause of action as that contained in [ *499 ] the other counts. It alleges that the land upon which the acts of which it complains were done, is the same as that on which the trespasses coznplaizzed of in the others were committed, adding only a somewhat fuller description of the land ; and it states that the acts complained of in that and the other counts were all done at the same tizne. The acts described izz each of these three counts are also of the same character, the last only stating the part of the land on which they were done with more particulaz’ity, and that they hindered the plaintiff in passing between his dwelling house and the highway, and obstructed a water-course leading from the plaintiff’s preznises to his other lazzd conzzected therewith. We are zzot satisfied that the consequences of those acts were thus introduced only in that count as a substantive cause of action, or for any other purpose than to aggravate the injury set forth in it, and for that purpose they might clearly have been introduced into the other counts, it does not therefore appear that all these counts can not be, or that they are not, for the same cause of action.
But we are clearly of the opinion that the third count, properly considered, is in trespass and not in case, and that therefore its joinder with the others is allowable at common law. As a count in trespass it is obviously very informal, and oznits several *408 technical expressions which are usually introduced in such a count; such as that the acts were done with force and arms, and against the peace, and that the defendant broke and entered the plaintiff’s close or land. But as to the two first of these phrases, it is well settled that, if they ought to be inserted, their omission is a mere formal defect, of which advantage can be taken only by special demurrer; and as to the other, we are aware of no rule or decision which requires the injury to be described exclusively by those very terms, and are of opinion that any other language which imports a forcible and unlawful entry upon the land is substantially sufficient. That the language used in this count plainly describes such an entry, we have no doubt. It states that the plaintiff was in the £ *500 j lawful possession *of the land on which the acts complained of were done-; that those acts were the wrongful and wanton plowing and digging of a large and deep ditch on the land, and digging and drawing a large rock from the highway and placing the same and a large quantity of stones upon the land, and that those acts were done wrongfully and wantonly and without law or right. We can not doubt that a declaration thus setting forth, not by way of inducement, but directly and as a matter of complaint, acts of such a character, should be deemed to describe a cause of action for those acts, rather than for their consequences merely, and so to be a declaration in trespass rather than in case; and that a statement of those consequences should be viewed, not as a description of the cause of action upon which the plaintiff intends to rely as the principal ground of recovery, but as a statement of the result of the acts constituting such cause of action, and introduced only for the purpose of laying the foundation for a recovery of damages for those results, for which otherwise the pleader might suppose no recovery could be had in the action.
There is therefore nothing erroneous in the judgment complained of.
In this opinion the other judges concurred, except Hinman, J., who, having tried the case in the court below, did not sit.
Judgment affirmed.