# Law and Equity

### IN THE

# SUPREME COURT

### OF THE

# STATE OF NEW YORK.

---

## COWENHOVEN *vs.* THE CITY OF BROOKLYN.

To constitute a cause of action for trespass upon land, it must appear that the plaintiff, at the time of the alleged trespass, had the actual possession of the land, or that, being then disseised, he has since regained the possession by entry, or has obtained a judgment awarding it to him.

The court is not empowered, by section 275 of the code, to grant to the plaintiff any relief to which his proof, on the trial, may seem to entitle him, but only such as is consistent with the case made by the complaint and embraced within the issue.

A plaintiff cannot recover damages for injuries to his possession, when the allegations contained in his complaint negative the existence of such possession in him.

Ejectment cannot be sustained against a municipal corporation by proof that at the commencement of the action the *locus in quo* was in use by the public as one of the public streets of a city; such use being inconsistent with actual occupancy by the corporation, and not affording evidence of any claim by it that it owns or has any interest in the premises.

The grading, paving and cleaning of the street are acts necessary for the fair enjoyment of the public right of way; and may be regarded as showing that the corporation claimed an easement for the public upon the land; but cannot be considered evidence that it claimed any title to, or interest in, the land, itself.

THE complaint in this action averred that the plaintiff was seised of a parcel of land in Brooklyn, and lawfully entitled to its possession; that the defendant unlawfully, and without his consent, entered it and dug up and removed the soil upon it in 1852, and at various times since then, to his damage in the sum of $1000; that it was then worth $1200; that the defendant is unlawfully in possession of it, and unlawfully withholds the possession of it from the plaintiff. It also contained a count for use and occupation. The answer traversed the entry, and the use and occupation specifically, and the other allegations of the complaint generally. The premises were embraced within the lines of Lafayette avenue, as opened and now used as a public highway, which was graded and paved in 1853. At the circuit, after the plaintiff had opened his case, the defendant moved that the plaintiff be ordered to elect whether the complaint should be one of ejectment or one in trespass. The court granted the motion, and to this the plaintiff excepted. The plaintiff then elected that the complaint should be in trespass. After the election of the plaintiff, the court upon an examination of the pleadings held that the complaint set out a cause of action in ejectment, and that the plaintiff was in error in making his election. To this the plaintiff excepted. The plaintiff then introduced evidence to prove his title to the premises, and the occupation thereof as a street, and proved that contracts had been entered into between the defendant and individuals for the paving and grading, and for the cleaning thereof, which had been done, under the direction of the corporation, in pursuance of such contracts. He also proved that the premises could be let for $50 a year. The plaintiff having rested, the defendant moved to dismiss the complaint on the following grounds: 1st. Because it did not appear that the defendant was in possession of the premises set forth in the complaint, and therefore the action of ejectment could not be sustained. 2d. That he could not in this action recover any other relief. After hearing counsel, the

presiding justice ordered the complaint to be dismissed, and it was dismissed accordingly. The plaintiff moved, at a special term, for a new trial, which was denied; whereupon he appealed to the general term.

*E. P. Wheeler*, for the appellant.

*A. McCue*, for the respondent.

*By the Court*, SCRUGHAM, J. On the trial of this action, the defendant moved that the plaintiff should be ordered to elect whether the complaint should (to use the words of the case) "be one of ejectment or one in trespass."

These words, as denoting forms of action, are ignored by the code, but they are used and understood in the profession as indicating the right for an injury to which the remedy is sought by the action, the nature of such injury, and the particular character and extent of the relief which the law authorizes the court to grant, as such remedy. The motion was granted, and the plaintiff excepted. He now claims that if there were two distinct causes of action improperly united in the complaint, the defect was cured by the failure of the defendant to demur. This same point was taken in a case decided in this district, and very similar to this, (*Budd* v. *Bingham*, 18 *Barb.* 494;) and it was there held that such an order was proper, notwithstanding the failure of the defendants to demur, because the proof necessary to sustain the two causes of action would be inconsistent and incongruous, and involve a conflict and contradiction not seemly or compatible with the due administration of justice.

The motion to compel the plaintiff to elect was, however, in the present case, unnecessary; for, as will appear, the complaint did not state a cause of action in what was formerly known as the action of "trespass *quare clausum fregit*." And such I understand to have been the subsequent decision of the learned justice before whom the cause was

tried at the circuit; for after the plaintiff had elected to proceed in trespass, the court, upon an examination of the pleadings, held that the complaint set out a cause of action in ejectment, and the plaintiff excepted. In effect this decision was that no case in the action formerly known as the action of "trespass *quare clausum fregit*" was made by the complaint, and therefore that the plaintiff could not proceed to make out such a cause of action by proof.

There is no averment in the complaint that the plaintiff at the time of any of the alleged trespasses had the actual possession of the land to which the injury is alleged to have been done, or that being then disseised he had since regained the possession by entry, or had the judgment of a competent court awarding it to him. To constitute a cause of action for trespass upon land, some one of these facts must appear; for the gist of the action is the injury to the possession.

Possession in the plaintiff would sufficiently appear from an allegation of title in him; for if the land is vacant and in the actual possession of no one, the title will, in judgment of law, draw after it the possession. In this case the plaintiff deprived himself of this effect of his allegation of title, by averments in his complaint showing that before and at the time he acquired title the land was in the actual possession of the defendant, and has so remained ever since. These allegations of possession in the defendant cannot be rejected as surplusage; for if the complaint is to be regarded as in ejectment, they or some of them are necessary to show a cause of action, and if as in trespass, then by introducing them the plaintiff shows on the face of his own pleading that he has no cause of action. (1 *Chit. Plead.* 231.) Such a pleading is so defective that it was not, under the former practice, cured by the verdict, for the court could only presume those things to have been proven which could be implied from the allegations on the record by fair and reasonable intendment. (*Id.* 673.) And in a case like this, the allegations in the complaint of possession in the defendant

would preclude the presumption that possession in the plaintiff had been proved.

It is not necessary to inquire how far the code has enlarged the power of the court to amend pleadings on or after the trial, as no application for leave to amend was made, and certainly it is not the duty of the court to suggest amendments which may affect the substantial rights of the adverse party. Nevertheless the plaintiff now claims that the evidence he introduced on the trial established trespass, and that therefore under section 275 of the code such relief should have been granted to him as is consistent with his proof. But the court is not empowered by that section to grant to the plaintiff any relief to which his proof on the trial may seem to entitle him, but only such as is consistent with the case made by the complaint and embraced within the issue. The difficulty in this case did not arise from any mistake or deficiency in the prayer for relief, but from the fact that no such case was made in the complaint as would entitle the plaintiff to recover damages for injuries to his possession of the land, as the allegations contained in it negative the existence of such possession in him.

The evidence offered on the trial was received to sustain the alleged cause of action in what under the former practice was known as the action of ejectment, but the proof would not warrant a recovery in such an action; for it does not establish any actual occupancy by the defendants, or that they were exercising acts of ownership on the premises, or claiming title thereto, or to any interest therein, at the commencement of the action. (3 *R. S.* 592, § 4, *5th ed.*)

In *Child* v. *Chappell,* (5 *Seld.* 246,) Judge Denio properly confines the claim of title, or of some interest in the premises spoken of in the statute, to such a claim as that if it were reduced to possession or enjoyment it would constitute an actual occupation of the premises, so as to authorize ejectment to be brought on that ground. The plaintiff sought to sustain this action by showing that at the time of its com-

mencement the *locus in quo* was in use as one of the public streets of the city of Brooklyn. Such use is inconsistent with actual occupancy by the defendant, and does not afford evidence of any claim by it that it owned or had any interest in the premises. The claim of the corporation, if any, was to a public right of way over the land, not incompatible with the title of the plaintiff, for it was a mere easement; nor with his possession, for if he owned the fee of the land over which the street passes, he would in contemplation of law be in possession of the street, and might maintain trespass against another for any use of the land except for the purpose of traveling. (*Cortelyou* v. *Van Brundt*, 2 *John.* 357. *Gidney* v. *Earl*, 12 *Wend.* 98.) The grading, paving and cleaning of the street were acts necessary for the fair enjoyment of the public right of way; and may be regarded as showing that the defendant claimed an easement for the public upon the land, but cannot be considered evidence that it claimed any title to, or interest in, the land, itself.

The order denying the motion for a new trial should be affirmed.

Order denying new trial affirmed, with costs.

[ORANGE GENERAL TERM, September 8, 1862. *Emott, Brown, Scrugham* and *Lott*, Justices.]