E. T. RENSHAW, Appellant, *v.* WILLIAM L. LLOYD *et al.*, Respondents.

1. *Trespass — Ownership, actual — Averment of unnecessary.* — In an action for trespass; it is unnecessary for plaintiff to allege that he was at the time in actual possession of the property trespassed upon. But the averment of his ownership is sufficient. Where one has the legal estate in fee in lands, he has the constructive possession unless there is an actual possession in some one else.

*Appeal from Moniteau Circuit Court.*

*Owens & Wood*, for appellant, cited Wynn v. Cory, 43 Mo. 301; Hewitt v. Harvey, 46 Mo. 368.

*Burke & White*, for respondents

If this was a trespass suit, whether under the statute or at common law, the petition should have shown actual possession to let in the proof offered. (1 Chit. Pl. 162, 180 ; 2 Greenl., § 613 ; Sedgw. Dam. 134, 139, 147–8, 154–5.)

ADAMS, Judge, delivered the opinion of the court.

This was an action for trespass on lands. The petition alleges that " on the 18th of November, 1870, at the county of Moniteau, in the State of Missouri, the defendants, without leave and wrongfully, entered on the northeast quarter of the northeast quarter of section 18, township 45, range 16, of which the plaintiff was then the owner, and then and there tore down the fences of plaintiff and scattered his rails, and left his fields open and exposed, by which acts and doings of the defendants the plaintiff was damaged in the sum of one hundred dollars, for which he asks judgment." The defendants, by answer, denied all the allegations of the petition.

On the trial the plaintiff offered to prove his case as laid in the petition, but the court refused to permit any evidence to be given because the plaintiff had not alleged in his petition that he was in the possession of the premises described in the petition. The plaintiff took a nonsuit, with leave to move to set it aside, and did file a motion to set aside the nonsuit, which was overruled by the court, and he excepted to this opinion and has brought the case here by appeal.

In this State the owner of lands is presumed to be in the possession till the contrary appears. It has never been held here that there must be an actual possession to maintain trespass. When a party has the legal estate in fee in lands, he has the constructive possession when there is no actual possession in any one else.

The word " owner," as used in this petition, means that the plaintiff has the legal estate in the lands and is in the possession.

The court erred in rejecting the proof offered by plaintiff, and for this error the judgment must be reversed and the cause remanded. The other judges concur.