LEIHY vs. THE ASHLAND LUMBER COMPANY.

*March 31 — April 20, 1880.*

PLEADING. *(1) Allegations as to time construed. (2) Averments, in trespass to land, as to plaintiff's possession. (3) Injuries to dam; presumption as to navigability of stream.*

1. A complaint that, on a day named, and from thence hitherto, plaintiff was the owner of certain described lands, and that, "on or about" the same day, defendant committed a trespass on said lands, *held*, on demurrer, to sufficiently allege plaintiff's ownership *at the time of the trespass.*

2. An averment of plaintiff's title to land at the time of an alleged trespass thereto, is sufficient without a further averment of his possession or right of possession. *Wals v. Grosvenor*, 31 Wis., 681, distinguished.

3. In a complaint for injuries to a dam maintained by plaintiff on his land, it is not necessary to aver that the stream is not navigable, there being no presumption in favor of its navigability.

APPEAL from the Circuit Court for *Ashland* County.

The questions in this case arose upon demurrer to the complaint. The substance of the complaint is thus stated by Mr. Justice TAYLOR:

"The complaint alleges, in substance, that on the first of May, 1877, and from thence to the commencement of this action, the plaintiff was the owner of forty acres of land described as the N. W. ¼ of N. E. ¼ of section 36, town 47, range 3 east, situated in Ashland county, and of a dam situated on said land across a stream known as Bad river; that he built said dam in 1850, and had ever since used the same without interruption or objection by any one, until on or about the first of May, 1877, when, without the authority or consent of the plaintiff, it was cut and partially torn away by the defendant's servants and agents, and rendered entirely useless, to the plaintiff's damage of $1,000. It is also alleged, as a second cause of action, that on the first of May, 1877, the defendant, by its servants, agents and employees, entered upon said N. W. ¼ of N. E. ¼ of section 36, town 47 north, range 3 east, the property of the said plaintiff, and cut and felled and removed from said land two hundred pine trees, and deprived said plaintiff of said pine trees, his property; that said pine trees, so cut, carried away and used by said defendant, were of the value of $300, whereby an action has accrued to the plaintiff against the defendant, and he is entitled to judgment against the defendant for said sum of $300. The complaint then demands judgment for the sum of $1,000 on the first cause of action, and $300 on the second cause of action."

The defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action; and plaintiff appealed from an order sustaining the demurrer.

The cause was submitted for the appellant on the brief of

*J. H. Knight.* He contended, among other things, that in trespass *quare clausum* it is sufficient to describe the premises in general terms as the property of the plaintiff, without otherwise alleging title, possession, or right of possession.  Bliss on Code Pl., § 229; *Daley v. St. Paul*, 7 Minn., 390; *Cowenhoven v. City of Brooklyn*, 38 Barb., 9; 2 Wait's Pr., 288–9; 2 Waterman on Trespass, §§ 989, 995.

For the respondent there was a brief by *W. M. Tompkins*, and oral argument by *J. O. Raymond*. They contended, among other things, that the complaint was defective,  1. In not showing that the plaintiff was owner of the land or the dam at the time of the alleged trespass.  2. In not sufficiently alleging title or possession.  2 Waterman on Trespass, §§ 987 and 995.  The mere allegation that he is the owner of the land is not a sufficient averment of title upon which to found a presumption of possession.  *Wals v. Grosvenor*, 31 Wis., 681.  3. In not alleging that the stream on which the dam was constructed was not navigable. If the dam obstructed the use of the navigable river, defendant had a right to remove it and to enter upon the land for that purpose.  Angell on W. C., 563.  It must appear from the complaint that there was a forcible and unlawful entry.

TAYLOR, J.  The first objection made to the complaint by the learned counsel for the respondent, is that it does not allege that the plaintiff owned the land or dam at the time of the alleged trespass.  The point of this objection is, that as the complaint alleges that plaintiff was the owner on the first of May, 1877, and from that time forward, and then alleges that the trespass was committed on or about the first of May, 1877, the trespass might have been committed before the plaintiff became the owner.  We think this objection is quite too technical and refined.  The allegation is substantially that, on the first of May, 1877, the plaintiff owned the land and dam, and that on that day the defendant, without his authority

or consent, destroyed the dam, to his damage of $1,000. We think it is sufficiently alleged that the wrong was committed when plaintiff was the owner of the property destroyed.

The second objection to the complaint is, that it does not sufficiently allege that the plaintiff had either the title or possession of the lands described in the complaint, when the alleged trespass was committed. We think the allegation that the plaintiff was the owner of the lands and dam is a sufficient allegation both of title and possession to sustain an action for an injury to the possession or realty. An allegation of ownership is an allegation of title, and the possession or right of possession presumptively follows the ownership or title, in the absence of any proof showing that the possession or right of possession is in some person other than the owner. In pleading, it is not necessary to allege facts which the law presumes to be facts, or which the law implies from other facts alleged in the pleading. The complaint having alleged ownership of the lands and dam at the time of the alleged trespass, the law presumes that the owner was either in the actual possession or had the right to the immediate possession, at the time of the wrongful entry of the defendant. 2 Wait's Pr., 314, 315; *Sheldon v. Hoy*, 11 How. Pr., 11; *Cowenhoven v. City of Brooklyn*, 38 Barb., 9, 12.

Under this complaint it would be competent for the plaintiff to show upon the trial, either that he was in the actual possession of the lands and dam when the defendant entered and destroyed the same, or that he had a valid title to the same, and therefore the constructive possession thereof; and in either case he would make out his case if he proved the wrongful acts of the defendant as alleged. This case is not like the case of *Wals v. Grosvenor*, 31 Wis., 681. That was an action to quiet title under R. S. 1858, ch. 141, sec. 29; and in order to make out a cause of action in such case it is necessary to show that the plaintiff was in the actual possession of the land at the time of the commencement of his action, and

therefore necessary to allege such possession in his complaint. And as such actual possession is not implied by an allegation of title, the complaint would not be good without containing the allegation of such possession. But even in that case an allegation of title and possession, without stating in the complaint that the possession was actual, was held sufficient, as the court would imply that possession meant actual possession in that case. See pp. 686–7.

There was no necessity of alleging that the dam which the plaintiff says he owned and built, was not built in and across a navigable stream. In the absence of such negative allegation, there is no presumption that it was built across such stream.

The reasons above given for holding that the complaint states a good cause of action for the destruction of the plaintiff's dam, show that the plaintiff's second cause of action is also sufficiently stated in his complaint.

The demurrer should have been overruled, and the defendant required to answer upon the merits.

*By the Court.*— The order of the circuit court is reversed, with costs, and the cause remanded for further proceedings according to law.