Hammontree v. Huber.

ALEXANDER HAMMONTREE, Defendant in Error. v.
HENRY HUBER, Plaintiff in Error.

### St. Louis Court of Appeals, February 18, 1890.

1. **Justices of the Peace:** EFFECT OF STIPULATION OF PARTIES.
A stipulation, limiting and defining the issues of fact on which the
controversy depends, may be made, in a suit before a justice of the
peace, by the parties to the action; and such stipulation, unless
otherwise provided, will govern subsequent trials of the cause.

2. **Trespass on Lands:** POSSESSION BY PLAINTIFF. The construct-
ive possession of lands, in the absence of actual adverse posses-
sion, follows the title; and an action for trespass on lands may be
maintained by the owner of the lands, if he is in such constructive
possession.

3. **Practice, Appellate:** WEIGHING THE EVIDENCE. A verdict sup-
ported by substantial evidence will not be disturbed by an appel-
late court on account of the weight of the evidence.

*Appeal from the Warren Circuit Court.*—HON. W. W.
EDWARDS, Judge.

AFFIRMED.

*Peers & Morsey,* for the plaintiff in error.

*L. J. Dryden* and *D. P. Dyer,* for the defendant
in error.

BIGGS, J., delivered the opinion of the court.

This action is for trespass on land. It originated
before a justice of the peace, but, on affidavit filed by
defendant, denying the right of plaintiff to a recovery
on the ground that the title to the land was in the
defendant, the cause was transferred to the circuit
court.

The plaintiff filed before the justice the following
statement, setting forth his alleged cause of action,

to-wit: "Plaintiff states that on or about the —— day of ——, 1886, and at divers times before and after said day, the defendant, without leave, and wrongfully, entered upon the following described real estate, situate in Warren county, Missouri, to-wit: The east half of lot 1, of the northwest quarter of section 4, township 46 north, of range 2 west, of which the plaintiff was then and there the *owner*, and there cut and carried away timber of the value of nineteen dollars, by which acts and doings of defendant plaintiff was damaged in the sum of nineteen dollars, for which he prays judgment against said defendant."

After the case reached the circuit court the following stipulation, signed by the attorneys of the respective parties, was filed, to-wit: "In case of Hammontree v. Huber, it is stipulated that plaintiff shall not be required to produce patents or derivative title, but that plaintiff and defendant are adjacent owners. The question in dispute is to be determined by the true location of the line between plaintiff and defendant, and the value of timber cut and injured."

The final trial in the circuit court resulted in a verdict and judgment for the plaintiff, and the case is before us on a writ of error sued out by defendant.

The evidence disclosed the fact that plaintiff and defendant were the owners of adjoining lands, situated in the northwest quarter of section 4, township 46, range 2 west. The timber in controversy was cut and removed by defendant from a small strip of unimproved land extending north and south, and the real matter in dispute was the ownership of this strip. If the dividing line between plaintiff's and defendant's lands was as claimed by plaintiff, then the strip belonged to him, and the defendant was liable for the value of the timber cut and carried away. Under the stipulation no other issues were tendered because the words, "the question in dispute," necessarily mean the *only* question in

dispute, and the evidence of both parties was apparently confined to the question thus presented.   There was something said by the defendant about the actual occupancy of the land by him, but all other evidence in the case negatived any such idea, and the defendant asked no instructions submitting that question to the jury, even if it would have been a proper issue under the stipulation.   The lands of neither party were fenced or cultivated along the disputed line, but consisted of timber lots.   The land was not in the actual possession of either party.

The first assignment of error made by defendant is that a material averment was omitted from plaintiff's statement. It is now urged that the statement is fatally defective and insufficient to support the judgment, because it is not averred that the plaintiff was in possession of the land at the time of the commission of the alleged trespass.   We will have to rule this assignment against defendant for several reasons.

The stipulation filed by the parties defined the issues.   The object of all pleading is to bring before the court the real matter in controversy, and confine the investigation to the points of actual disagreement.   We can see no valid objection to the course adopted in this case by which the real matters in controversy were presented by a joint agreement of record.   In this paper the defendant agreed that the plaintiff's right to recover depended solely on the true location of the controverted division line.   In this it must be held that the defendant conceded all other issues in favor of plaintiff's right to recover, and he ought not to be allowed to go behind the stipulation, in order to upset the judgment on account of a defect in the statement, or for want of proof touching any issue necessarily excluded from consideration by the terms of the agreement.   *Cahoon v. Levy*, 10 Cal. 216.   The defendant insists that this stipulation was only intended to apply to a former trial;

that it was not read in evidence and was improperly embodied in the record.    We find no evidence either in the agreement itself, or in the record, that the use of the agreement was limited to a particular trial, and, therefore, it could not be so limited. *Carroll v. Paul*, 19 Mo. 102.    Nor can we hold that it was improperly embodied in the record.    It was filed by the parties and is brought here by the defendant as part of the record proper, and we can treat the stipulation in no other manner, since, if it is not part of the record proper, it was incumbent upon the defendant to move for a diminution of the record.    By bringing the stipulation here as a part of the record and submitting the case for decision upon such record, he is estopped from denying that it is a proper part of the record.    There is nothing in our code of practice which prevents the parties from narrowing the issues in any case by stipulation filed of record.

But aside from the agreement, the defendant's contention cannot be maintained.    In an action for trespass on land, the averment that the plaintiff *owns* the land is sufficient.    The owner of the fee has the *constructive* possession, unless some one else holds the *actual* possession.    In the absence of such actual occupancy the title always draws with it the possession.    *Atlantic and Pacific Railroad Company v. Freeman*, 61 Mo. 80; *Renshaw v. Lloyd*, 50 Mo. 368; *Bell v. Clark*, 30 Mo. App. 224; *More v. Perry*, 61 Mo. 174.    The owner of land need not be in the actual possession of his land to maintain trespass.    Constructive possession is sufficient. *Brown v. Hartzell*, 87 Mo. 564.    The defendant relies on the case of *Deland v. Vanstone*, 26 Mo. App. 297. This case in no way aids the defendant.    There the plaintiff sued for the conversion of growing timber on certain lands.    He averred that he was the *owner of the timber*, without stating that he was the *owner of the land*, or that he was in the actual possession of the

land.  The following extract from the opinion will show the mind of the court on the subject: "The evidence fails to show that the plaintiff ever was in the actual or constructive possession of the land by himself or agents. His interest was a mere executive interest until entry."

The defendant insists that the judgment should be reversed on the evidence, and this constitutes his second assignment of error.  To sustain the defendant in this, we must find that there was no *substantial* evidence tending to prove that the line claimed by plaintiff is the true division line between his and defendant's lands. This we cannot do.  The true location of the controverted line is made to depend upon the section line between the northwest quarter of section four and the northeast quarter of section five.  The parties agreed about the section line south of the quarter sections named, and they also admitted that what is known as the "Frebee corner" on the section line running north and south was a proper starting point for the continuation of the survey of the section line north ; but they differed as to the true location of the section corner, between sections four and five, one-half mile north of the "Frebee corner."  The plaintiff's evidence tended to prove that the field notes called for the location of this section corner, four chains and seventeen links east of what is known as the "Faulkner corner," established by the government surveyors on the township line ; and that a proper survey, according to the field notes, required the location of the section line between this corner and the "Frebee corner."  Such a survey would make the section line oblique and it would intersect the township line about twenty chains west of a point due north of the "Frebee corner."  On the other hand the defendant's evidence tended to show that, according to the courses and distances, the line ought to run due north from the "Frebee corner."  To establish his theory of the case, the plaintiff introduced as witnesses four surveyors, who testified that they had run

the disputed line, and they agreed that a proper survey, according to the field notes, and the rules of surveying, would locate the line according to plaintiff's contention. They testified that the field notes located the section corner four chains and seventeen links east of the "Faulkner corner." The identity and location of the "Faulkner corner" was not disputed. With such evidence before us, we would not be justified in holding that there was no substantial evidence to sustain the judgment.

All the judges concurring, the judgment of the circuit court will be affirmed. It is so ordered.