## MINTER v. GOSE ET AL.

PLEADING—TRESPASS—SUFFICIENCY OF PETITION—NUMBERING PARAGRAPHS—SINGLE CAUSE OF ACTION—DEMURRER.

1. It is unnecessary in a petition to number the different paragraphs of the same cause of action.

2. The unnecessary numbering of the different paragraphs of a petition stating a single cause of action does not render the petition objectionable on demurrer.

3. The unnecessary numbering of the different paragraphs in a petition will not of itself have the effect of dividing the allegations into several separate causes of action, where it is apparent that such was not the intention, but that the numbering was employed to distinguish the paragraphs of the same or a single cause of action.

4. In an action against several defendants, the petition alleged plaintiff's ownership, possession, and right to possession of certain described lands, and that defendants unlawfully caused a herd of sheep, owned and controlled by them, to be taken upon said lands, and grazed thereon, thereby depasturing the same, and destroying and consuming the grasses and herbage thereon to plaintiff's damage in the sum of $500, for which sum judgment was prayed. The paragraphs of the petition were consecutively numbered. *Held,*

    (1) That but one cause of action was stated against several defendants jointly sued, they being charged jointly with the commission of the same alleged trespass.

    (2) That the petition stated a good cause of action in trespass.

    (3) A demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action, and that separate causes of action against several defendants were improperly joined, was erroneously sustained.

[Decided December 27, 1904.]        (78 Pac., 948.)

Error to the District Court, Weston County, Hon. Joseph L. Stotts, Judge.

This action was brought in the District Court by J. C. Minter against P. S. Gose, R. G. Gose, Thomas Gose, John Berry and A. W. Boyd, to recover damages for a trespass alleged to have been committed by the defendants upon certain lands of plaintiff. The facts are stated in the opinion.

*M. B. Camplin,* for plaintiff in error.

The petition states facts sufficient to constitute a cause of action. Sections 3533, 3480, 3481 and 3456 are fully com-

plied with. This being an action for trespass on land, the land should be described and ownership or possession in the plaintiff averred. The petition contains these requisites in paragraph one. The second paragraph sets forth the special value of the property destroyed and the value of its use to the plaintiff, and the special character of the injury is stated in the fourth paragraph, and the amount of damages suffered is alleged in the fifth paragraph, which is followed by the prayer for judgment. The third paragraph charges the trespass and the wrongful acts of the defendants, stating the time, and the property upon which, the trespass was committed, the means whereby the injury was effected, and alleges that the defendants, with sheep owned and controlled by them, entered upon the lands wrongfully and unlawfully, feeding and grazing the sheep thereon until they were wholly depastured, and the grasses and herbage thereon wholly trod down, destroyed and consumed. The allegations were sufficient. The petition need only state such facts as uncontradicted would warrant a judgment. (Whittaker's Ann. Code, 88, and cases cited; 26 Ency. Law, 622-630; 2 Kinkead Code Pldg., Sec. 1181.) It is no longer necessary to observe the old terms used in the action of trespass; the words "wrongfully and unlawfully" having superseded the words formerly used, "with force and arms." The fundamental requirement of the code that the cause of action be stated in plain and precise language need only be observed. (1 Boone Code Pldg., Sec. 227; 21 Ency. Pl. & Pr., 818-829; Bilue v. Paisley (Ore.), 4 L. R. A., 840; Bulpit v. Mathews (Ill.), 22 id., 55; Cooley on Torts, 337; 1 Addison on Torts, Secs. 375, 376, 377; State v. Johnson, 7 Wyo., 518; Cosgriff v. Miller, 10 Wyo., 190.) In trespass, the complaint need not allege that the damage is due and unpaid. (Atkinson v. Mott, 102 Ind., 431.)

Separate causes of action against several defendants are not improperly joined in the petition, but one cause of action is stated against the defendants as joint tort-feasors. There is no improper joinder of separate causes of action.

The defendants are shown by the allegations of the petition to be united in interest and they are rightfully joined as defendants. (R. S. 1899, Secs. 3480, 3481; Chadwick v. Hopkins, 4 Wyo., 379; 7 Lawson's Rights, Rem. & Pr., Sec. 3456, and cases cited.) In actions *ex delicto* the liability of tort-feasors being joint and several, the action might be against all or any of them. (Russell v. Tomilson, 2 Conn., 206; Van S. v. Tobias, 17 Wend., 562; Adams v. Hall, 2 Vt., 9.) No separate causes of action are stated in the petition. (Rasso v. Varni (Cal.), 21 Pac., 762; Gilbert v. Pritchard, 41 Hun, 46; Whatling v. Nash, id., 579; R. S. 1899, Sec. 3493; Kearney Stone Works v. Mac-Pherson, 5 Wyo., 178; Maxwell's Pldg., 118-9; Addison on Torts, Sec. 423; 38 N. Y., 21.) A joint demurrer will be overruled if the petition states a cause of action against any of those joining in the demurrer. (Dunn v. Gibson, 9 Neb., 513; 11 id., 192; Asseveda v. Orr (Cal.), 34 Pac., 777; 100 Cal., 293; 111 id., 281; Lausman v. Drahoe, 10 Neb., 173; 35 Am. R., 468; 43 Pac., 899.) The demurrer is meaningless as to the second objection, since it fails to point out or specify wherein separate causes of action against several defendants are improperly joined. (Owen v. Oviatt, 4 Utah, 95; 51 Cal., 431; 91 Ind., 182; 101 Cal., 585.)

POTTER, JUSTICE.

In this case the defendants demurred to the petition on the grounds that it does not state facts sufficient to constitute a cause of action, and that separate causes of action against several defendants are improperly joined. The demurrer was sustained, and the ruling excepted to. Thereupon, the plaintiff declined to plead further and stood on his petition, and judgment was entered in favor of defendants, dismissing the petition, and awarding defendants their costs. The plaintiff prosecutes error.

The action is one for damages for trespass on realty. The petition, after stating the venue and title of the case, is as follows:

"Comes now the plaintiff, by his attorney, M. B. Camplin, and for cause of action against the defendants respectfully represents to the court:

"First—That at the time of the filing of this petition, and at all times and dates hereinafter named, the plaintiff is and was the owner and in possession of, and entitled to the possession of the following described lands, situated in the County of Weston, State of Wyoming, to-wit: The west ½ of the northwest ¼ and the west ½ of the southwest ¼ of Section 2, Township 47 North of Range 66 West, and has at the time of the filing of this petition, and at all times and dates hereinafter mentioned, had a legal estate therein.

"Second—That during all the time hereinafter mentioned large crops of grass and herbage were growing and existing on the said lands, by reason of which the same was especially adapted for the purpose of feeding, keeping and grazing live stock; and by reason thereof the said lands were especially valuable and useful to the plaintiff for stock grazing purposes.

"Third—That on or about the 26th day of November, 1903, the said defendants, unlawfully, wrongfully and in violation of the rights of said plaintiff, caused to be taken a large band of sheep, owned and controlled by said defendants, upon said lands, and upon and over all the same, and continued said band of sheep upon said lands, feeding and grazing the same thereon until said lands were depastured and the grasses and herbage thereon wholly trod down, destroyed and consumed; and the said grasses and herbage thereon ate off by said sheep of the said defendants.

"Fourth—That the plaintiff is, and was at the time aforesaid, the owner of and was engaged in the sheep business, and that the herbage and grasses upon said lands were especially reserved by the plaintiff for the purpose of grazing his stock thereon during the fall and winter, and that by reason of the said acts of said defendants the plaintiff has been wholly deprived of the said pastures and grasses

upon said lands for the purposes aforesaid; and by reason of the said unlawful acts by said defendants the plaintiff has been put to great damage, loss and injury by reason of having to provide grazing and feed for his stock elsewhere, and to buy feed therefor.

"Fifth—That by reason of the facts and premises herein above set forth, the plaintiff has been damaged in the sum of five hundred dollars.

"Wherefore, the plaintiff prays judgment; that he do have and recover from the said defendants the sum of five hundred dollars, with interest thereon at the legal rate of eight per cent per annum, his damages as aforesaid sustained, and for the costs of this action."

No brief has been filed on behalf of defendants in error, and hence we are not advised as to the supposed objections to the petition other than by the showing of the demurrer itself. The defendants are jointly sued, but it is not perceived that separate causes of action against several defendants are improperly joined. There is but one cause of action stated. (21 Ency. Pl. & Pr., 806.) The numbering employed in the petition is evidently to distinguish the paragraphs of the same cause of action, and not to separate different causes of action; and, although unnecessary under our practice, the petition is not for that reason objectionable on demurrer. The effect of the allegations is to charge the defendants jointly with the commission of the same alleged trespass.

We think the petition states a good cause of action in trespass. (2 Waterman on Trespass, Sec. 995; Johns v. Schmidt (Kan.), 4 Pac., 872; Griffin v. Gilbert, 28 Conn., 493; 2 Bates Pl., 764-771; Casey v. Mason, 8 Okla., 675 (59 Pac., 252); Larkin v. Taylor, 5 Kan., 433; Fitzpatrick v. Gebhart, 7 Kan., 35; 21 Ency. Pl. & Pr., 817-826; Renshaw v. Lloyd, 50 Mo., 368; Leihy v. Ashland Lumbering Co., 49 Wis., 165; Anderson v. Spawn, 2 S. D., 269; Hammontree v. Huber, 39 Mo. App., 326; Merritt v. Hill, 37 Pac., 893 (Cal.); Rowland v. Rowland, 8 O., 40; Cowenhoven v. Brooklyn, 38 Barb., 9.)

The court, therefore, erred in sustaining the demurrer. The judgment will be reversed, and the cause remanded to the District Court with directions to vacate its judgment and order sustaining the demurrer, and enter an order overruling the demurrer, and for further proceedings according to law.                                              *Reversed.*

CORN, C. J., concurs.