May Term, 1844.

GRONOUR
v.
DANIELS.

---

### GRONOUR v. DANIELS.

A declaration in trespass for cutting down and carrying away the plaintiff's trees is good, without an averment that the land where the trees were growing belonged to the plaintiff.

A license, in such case, cannot be given in evidence under the general issue, but must be specially pleaded.

If the Court charge the jury erroneously, but afterwards correct the mistake by giving a legal charge on the subject, there is no error.

*Wednesday, May 29.*

ERROR to the *Allen* Circuit Court.

BLACKFORD, J.—This was an action of trespass brought by *Daniels* for cutting and carrying away certain trees belong-

ing to the plaintiff. Pleas, 1. Not guilty; 2. Tender of amends. There was also a third plea which was rightly adjudged bad on demurrer, and which the defendant admits cannot be sustained. Replication in denial of the second plea. That plea should also have been demurred to, as it is obviously inadmissible. Such plea in trespass owes its origin to the statute of 21 *James* the 1st, 6 Bac. Abr. 481, which is not in force here. Verdict and judgment for the plaintiff.

The defendant, in his brief, relies on three grounds to reverse the judgment. The first is, that the declaration is insufficient. The declaration is substantially as follows : For that the defendant, on, &c., at, &c., with force and arms, &c., cut down, prostrated, and destroyed the trees, to wit, twenty poplar trees, &c., of the said plaintiff, of great value, &c., then growing and being in and upon certain lands there situate, and took and carried away the same, &c. The declaration is objected to because the plaintiff's ownership of the land where the trees were standing is not shown; but the objection is not tenable. The suit being merely for cutting down and carrying away trees, it was only necessary to aver that the trees belonged to the plaintiff. The declaration agrees in form with the precedent in 2 Chitty's Plead. 869, and is unobjectionable.

The second objection to the judgment is, that the Court refused to permit the defendant to prove, under the general issue, that the trees were taken by the license of the plaintiff. To sustain this objection, the case of *Rasor* v. *Qualls*, 4 Blackf. 286, is relied on. That case decides, that, in trespass *quare clausum fregit*, the defendant may prove, under the general issue, that the freehold was in a third person, and that his entry was under the authority of the owner. There, the evidence was in denial of the declaration that the defendant had trespassed on the plaintiff's close, and it was therefore admissible under the plea of not guilty. But the case before us is very different. Here, the tendency of the evidence was not to show that the defendant had not cut down and carried away the plaintiff's trees, but to show that he was justified, by a license from the plaintiff, in committing the alleged trespass. Such a defence, it is well settled, must be specially pleaded. 1 Chitt. Plead. 544.

The last objection made to the judgment is, that the Court charged the jury that the plaintiff had a right to recover for the injury done to his land. It must be noticed, however, that the Court afterwards distinctly informed the jury, on the defendant's application, that the measure of damages was the value of the trees destroyed. We think, therefore, that the defendant cannot complain of this part of the case.

*Per Curiam.*—The judgment is affirmed, with 6 *per cent.* damages and costs.

*W. H. Coombs* and *R. Brackenridge,* for the plaintiff.

*H. Cooper* and *T. Johnson,* for the defendant.