# FITZPATRICK V. GEBHART.

1. PETITION—*Sufficiency of.* A petition which states facts sufficient to constitute a cause of action, must be held sufficient on the introduction of any evidence under it, however informal, indefinite and uncertain it may be in some of its statements of fact.

2. ———— A petition which states that the defendant committed certain injuries to and upon the real estate of the plaintiff, is not insufficient because it does not state that the plaintiff was in the possession of such real estate.

3. TRESPASS—*Remedy for.* An owner of real estate is not without a remedy for injuries done to or upon the same, simply because he is not at the time in possession of the same.

4. AMENDMENTS—*How made.* Amendments of pleadings may be made in three ways, subject to the discretion of the court: *First,* By interlineation. *Second,* By writing the amendment, (and the amendment only,) on a separate piece of paper, and referring to the original. *Third,* By rewriting the original and incorporating the amendment in it. When the amendment is short, and scarcely if at all material, the court does not abuse its discretion by allowing the amendment to be made by interlineation.

5. EVIDENCE—*Former judgment.* A judgment with the accompanying papers, rendered by a justice of the peace, under chapter 96, General Statutes of 1868, in favor of the plaintiff, is *prima facie* evidence in another suit between the same parties, and concerning the same land, that the said plaintiff is the owner of the land.

6. DAMAGES—*Statutory Right of Recovery.* Under chapter 113, General Statutes of 1868, the owner of real estate may recover the damages therein provided for, whether he be in possession of the real estate or not; and he may recover, notwithstanding the parties committing the injuries may be in possession of the property as tenant of the owner, provided such injuries are committed without any color of authority.

7. CONSTRUCTION OF STATUTES. The true way for courts to ascertain the legislative intention is to observe and be guided by the language of the statute; if this be clear, and free from ambiguity, there is nothing left for interpretation.

| 7 | 35 |
|---|----|
| 54 | 96 |
| 7 | 35 |
| 69 | 2.00 |
| 370 | 52 |
| 7 | 35 |
| 73 | 322 |

*Error from Jefferson District Court.*

SIMON GEBHART brought his action against *Patrick Fitzpatrick* to recover damages for injuries to the lands, buildings and fences of the plaintiff. The petition set forth two causes of action; *first*, that the plaintiff on the 26th day of February, 1869, was the owner of a certain tract of land, (describing it;) that on that day he owned " 5,000 rails and 2,000 pieces and sticks of wood, used for fence stakes," which rails and stakes were then standing and being on said land; that on said day " the defendant by himself, his agents, employes, and servants, injured and destroyed and carried away all and every of said rails and pieces and sticks of wood, to the damage of the plaintiff, $350." *Second:* That on said 26th day of February plaintiff owned a dwelling-house, situated on said land; that on said day the defendant " did knowingly break the glass, windows, floors, ceilings, roof, sides, posts, and timbers of said building, to the plaintiff's damage $200." The demand for judgment was, " for three times the damage hereinbefore set out and alleged, to-wit, for the sum of $1,250, and costs of suit." The defendant answered, making a general denial of all the matters alleged in both causes of action.

The action was tried at the May Term, 1869. The plaintiff, to prove his title to the land, gave in evidence, over defendant's objection and exception, the record of a judgment and proceedings in an action tried and determined in a justice's court October 19th, 1868, between the same parties, and respecting the same tract of land, wherein the justice had found and determined " that the " said described land is the property and owned by the " plaintiff *Simon Gebhart;* that the settlement of the said

" *Patrick Fitzpatrick* upon the said real estate was made " and possession held without any legal right so to do : " wherefore it is ordered and adjudged that the plaintiff " recover against the said defendant restitution of the " said premises, together with his costs."

The plaintiff then offered to read the deposition of one W. F., when " the defendant objected to receiving any " evidence under the second count of the petition because " it does not state facts sufficient to constitute a cause of " action." This objection was sustained, when the plaintiff, on leave, (the defendant objecting and excepting,) amended his petition by *interlining*, so that the demand for judgment should be, for " treble damages " for the injuries set forth in the *first* count, and simple damages for the injuries set forth in the *second* count. The deposition of said W. F. was again offered, and received, the defendant making the same objection ; and to its admission he excepted. A large number of witnesses were called and examined on both sides. The defendant gave in evidence a written agreement between the parties, dated November 2, 1868, in and by which it is admitted and stipulated that " said *Gebhart* is the owner in fee-simple " of the lands on which the alleged trespasses were committed. The bill of exceptions is very voluminous, and shows numberless objections and exceptions on the part of defendant, *Fitzpatrick*. The verdict was in favor of the plaintiff for $738.32, for which sum the court gave judgment. Defendant's motion for a new trial was overruled, and he now brings the case here by petition in error for review.

*C. K. Gilchrist* and *Ross Burns*, for plaintiff in error :

1. The papers and judgment in the case of Gebhart v. Fitzpatrick before the justice, were immaterial to the

issues presented on either count of plaintiff's petition. *Possession* was the only question which they could tend to prove; and the right to possession in October, 1868, on the part of Gebhart, is a very different thing from *possession in fact* on the 26th of February, 1869.

If they were offered for the purpose of proving *title* in Gebhart *at the time of the trespass*, they were still more obnoxious to the same objection. If Gebhart relied on this recovery against Fitzpatrick in October, 1868, as proof of his title thereto in February, 1869, he should have shown that he acquired possession under his judgment for restitution: 1 Chitty Pl., 176, 177; *Jackson v. Randall*, 11 Johnson, 405.

2. If the court was right in sustaining the objection to receiving any evidence on the second count of petition the first time, he was wrong in his second ruling for the same reason. The prayer is no part of a petition where answer is in. This count was bad in *trespass;* there was no allegation of "breaking and entering the close" of plaintiff; and to permit the plaintiff to recover in trespass without proof of *title* or *possession*, at the time of the alleged trespass, is something new to the law.

3. The theory on which the defendant below tried the case was entirely ignored by the court. No treble damages can be given unless the statute under which plaintiff claimed the right was mentioned in the petition: 12 Ill., 253; 8 Johns., 345.

All the books and cases call the action to recover for cutting trees, etc., an action of "*trespass*," except in Illinois, where the act itself provides that the treble damages shall be recovered by an action "on the case;" and it was always the law that actual possession was necessary to maintain "trespass." 3 Caines, 361; 12 Johns.,

184; Bacon's Abr., "*Trespass,*" C. 3. And the fact of *possession* must be alleged: Com. Dig., *Pleading;* 2 Ohio, 95, 105; 8 Ohio, 40; 3 Johns., 418.

Our statute, ch. 113, Gen. Stat. of 1868, p. 1095, does not change the rule, and if for no other reason, that if the trespass be not *willfully* committed, then simple damages may be awarded by the jury. 8 Johns., 342; 1 N. Y. Rev. Stat., 432; 2 Ohio Stat., (S. and C.,) 1612, 1613.

*N. Hoysradt,* for defendant in error:

1. The title to the land on which the injuries were alleged to have been committed was shown by plaintiff's evidence, to be in him. The justice's judgment was rendered in an action, the essence of which was plaintiff's ownership of the land. The statute under which that action was brought (Gen. Stat. 1868, ch. 96,) made the ownership of plaintiff the first proposition to be established; he could not have commenced the action without asserting his ownership under oath; and upon the trial, if it had been proved that he was not the owner, he could not have obtained judgment. Such being the case, his *title* was in question, and the justice's judgment was an *adjudication* of that question, and settled it as between plaintiff and defendant, the transcript showing a special finding that Gebhart is the owner of the land.

It is undoubtedly true, as a general statutory proposition, that justices of the peace have no jurisdiction of cases where the title to land comes in question; but the statute under which said judgment was obtained, creates an exceptional case; it authorizes them to determine whether a plaintiff, seeking the benefit of its provisions, is the owner of land. It is only the " owner " who may sue under it; and his complaint must show that he is the " lawful owner."

There can be no doubt of the legislative authority to confer this jurisdiction on justices of the peace; for there is no constitutional limit or restriction upon the legislature in regard to the conferment of jurisdiction on these officers. Const., Art. 3, § 9.

2. But if the justice's judgment was not evidence of title in Gebhart, still the verdict is correct upon the whole evidence. The defendant, in his evidence, supplied any omission by introducing in evidence the agreement between the plaintiff and defendant, wherein the defendant acknowledges the plaintiff to be "the owner in fee simple of the land," and becomes the plaintiff's tenant.

3. It was not necessary to allege or prove that the plaintiff, Gebhart, was in possession of the land at the time the injuries were committed.

The first count in plaintiff's petition is a count under the statute entitled " An act to prevent certain trespasses." (Gen. Stat. 1868, ch. 113.) The cause of action provided for in this act is in no sense the action of trespass *quare clausum fregit;* nor does it possess the essential ingredients of that action. As to this count, the court is controlled by the statute, and cannot go outside of it in search of conjecture or extraneous matter, in order to ascertain whether or not the legislature intended that no owner of land should have the benefits of its provisions, unless in the actual possession of his land when such provisions are violated. There is nothing in the statute which makes it necessary that the *owner* should be in *possession.*

4. The second count in the petition was not framed for, nor is it claimed to be good as, a declaration in *trespass quare clausum fregit.* We claim that it states, and

did before the amendment, a " cause of action," and that
is sufficient. It undoubtedly set up in detail facts suffi-
cient to show that Fitzpatrick had committed a *tort*, in
the ordinary significance of that term—that is, " a pri-
vate or civil wrong or injury," and that Gebhart had
been injured or suffered loss thereby. To claim that
Gebhart had no remedy for this wrong but that of tres-
pass *quare clausum*, and that he was not entitled to that
remedy because he was not in actual possession, is sim-
ply an attack upon that well-settled principle contained
in the old maxim, *ubi jus, ibi remedium.*

The opinion of the court was delivered by

VALENTINE, J.: This was an action for injuries done to
and upon certain real estate. The petition in the court
below consisted of two counts, and set up two causes of
action : *First*, that the defendant, (who is plaintiff in
error,) carried away and destroyed certain rails, pieces of
wood, etc., from the land of the plaintiff, (defendant in
error ; ) *Second*, that the defendant injured a certain dwel-
ling-house of the plaintiff, situated on said land. The
action was tried by a jury, and the jury found a ver-
dict on both counts of the petition in favor of the plain-
tiff below, and against the defendant.

I. Almost all the rulings of the court below, from first
to last, are indiscriminately assigned for error ; but as to
many of the assignments the rulings are so obviously
correct that we shall not notice them in this
opinion. No question was raised in the court
below as to the sufficiency of the petition un-
til after the trial had commenced ; and then the defen-
dant raised the question of the sufficiency of the second
count by objecting to the introduction of any evidence

1. PETITION ; suf-
ficiency ; when
too late to
object.

under it, claiming that it did not state facts sufficient to constitute a cause of action. It is true that said second count is not very artistically drawn; it is not as formal and definite in some of its statements as it should be. It is probable that it would not have been held sufficient on a motion of the defendant below to require the plaintiff to make it more definite and certain, if such a motion had been made. But we think it states facts sufficient to constitute a cause of action; and however informal, indefinite and uncertain it may be in some of its statements, it must be held sufficient when the objection is made, as it was made in this case.

II. The principal objection urged against said count is, that it does not state that the plaintiff was in possession of the land, upon which the injuries are alleged to have been committed. This is not necessary. It never was the law that the owner of property should be without a remedy for injuries done to it unless he was, at the time of their commission, in the actual or constructive possession of the property. In any case, whether he was in possession or not, he had his remedy. *Ubi jus, ibi remedium.* If he was in possession he had his action of trespass *quare clausum fregit;* if he was not in possession, he had his action on the case. In the first action he recovered for injuries to his possession, and incidentally for injuries to his inheritance; in the second action he recovered for injuries to his inheritance only. But the first action was not confined to owners of land merely; it belonged to any person in possession. It was a mere possessory action, the gist of which was the injury to the possession; and ownership formed no element or ingredient thereof. If the land was owned by one person and

*2. Petition of owner of land need not allege possession;*

*3. — he can recover for injuries thereto, whether in possession or not.*

was in the possession of another, each had his action.
The first had his action on the case, and recovered for
injuries to his inheritance; the second had his action of
trespass *quare clausum fregit*, and recovered for injuries
to his possession. But all these old forms of action are
now abolished. We have no action of trespass *quare
clausum*; nor of *case*. We have but one form of action,
which is called a civil action. Gen. Stat., 631, Civil
Code, § 10; and under this form all civil actions must
now be prosecuted. Even *waste*, (and the plaintiff in
error seems to claim that this action should have been
an action of waste,) must now be prosecuted under this
form: (Gen. Stat., 765, § 685.) But the change in the
forms of action has not in the least affected the substan-
tial rights of parties. Wherever a party had a remedy
under the old forms of action, either at law or in equity,
for any injury to his property, he now has a remedy un-
der our code of practice for such injury; and all that is
necessary for him now to do, in order to state a good
cause of action, is to state "the facts constituting his
cause of action in ordinary and concise language, and
without repetition;" (Gen. Stat., 647, § 87;) and he may
always recover for just such injuries as he states in his
petition, (provided he proves them,) and for no more. If
he states that he is the owner and is also in possession of
the property, he may recover for injuries to both the land
and to his possession; but when he states that he is the
owner of the land, and does not state that he is in
possession, he can recover for injuries to the land only.
And his petition is not insufficient in such a case, because
of his omission to state that he is in possession. In this
case, the plaintiff did not attempt to prove under the
second count of his petition, any injuries except such as
he had alleged in said second count, and except such as

pertained to his house, which was a part of his real
estate.

III. The court properly allowed the plaintiff below to
amend the prayer of his petition, and also properly al-
lowed the amendment to be made by *inter-
lineation*. Neither was it an abuse of judicial
discretion. The amendment was short, and scarcely, if
at all, material. Amendments of pleadings may be made
in three ways, subject to the discretion of the court; *first*,
by interlineation; *second*, by writing the amendment,
and the amendment only, on a separate piece of paper,
and referring to the original; *third*, by rewriting the
original, and incorporating the amendment in it.

*4. AMENDMENT; modes of making.*

IV. During the trial the court below allowed the
plaintiff to introduce in evidence the record of a judg-
ment, together with the papers connected
therewith, to-wit: the notice to abandon the
premises, the summons, the complaint, and the
affidavit, to prove that the plaintiff was the owner of the
land. This judgment was between the same parties and
concerning the same land, and was rendered by a justice
of the peace, in a proceeding under chap. 96, Gen. Stat.,
(page 952.*) The court did not err in permitting this
evidence to go to the jury. It was *prima facie* evidence
that the plaintiff owned the land, and therefore was
proper evidence. But for the purpose of this case it
makes no difference whether said evidence was proper
evidence or not, for the defendant himself, afterward and
during the trial, admitted, and introduced evidence to
prove the very same thing, that is, that the plaintiff was
the owner of the land.

*5. EVIDENCE; former judgment, when admissible.*

[* SAID ch. 96, Gen. Stat. 1868, entitled " An act relating to settlers upon land without any legal right thereto," was *repealed*, since the decision of this case, by Ch. 12, Laws of 1871, p. 28.]

Descending to small points, the defendant below claims
that the court erred in permitting certain evidence relat-
ing to "stakes," and to "shingles," to go to the jury.
These stakes, if we can understand the evidence, were
pieces of wood or short rails seven or eight feet long,
and were therefore undoubtedly covered by the first count
of the plaintiff's petition, and were also covered by the
statute under which the first count was framed; (ch.
113, Gen. Stat., 1095;) and hence the evidence was
proper.    The evidence is clear that the shingles were a
part of the house, and we think the circumstances show
that they were a part of the roof; if so, they were un-
doubtedly covered by the second count of the petition.
But the evidence relating to the shingles might properly
have been admitted in evidence for another purpose, as a
circumstance tending to prove that it was the defendant,
and not some one else, that committed the injuries to the
house.    The defendant denied the commission of said
injuries, and of course it devolved upon the plaintiff to
prove them; and from the nature of the transaction,
having been done after night, and in the dark, he had to
prove them almost entirely by circumstantial evidence.
The last time these shingles were seen before the injuries
were committed they were on the house; the first time
they were seen afterwards, they were on the defendant's
premises.

V. The next question for us to consider is, whether
the plaintiff had a right to recover on the first count of
his petition.    In the discussion of this ques-
tion we must assume that, at the time of the
commission of the alleged injuries the plain-
tiff was the owner of the land, but not in possession;
and that the defendant was in possession of the land as

6. DAMAGES,
right to recov-
er, under Ch.
113, Gen. Stat.
of 1868.

the tenant of the plaintiff, but had no color of authority to commit the acts complained of. Said count is drawn under the statute entitled, "An act to prevent certain trespasses," (Gen. Stat., 1095.) The defendant claims that the cause of action provided for in this statute is simply the old action of trespass, *quare clausum fregit*, with increased damages. The only reason that we can perceive for such a claim is, that it uses the word, "trespasses," in the title of the act; but this is not sufficient, as we think, to prove that the statutory action is simply the old action of trespass *quare clausum*, for the word "trespass," when used alone, seldom, if ever, means trespass *quare clausum fregit*; and it generally has a much broader and more extensive signification. A party in possession, a mere trespasser himself, without any claim of ownership to the land, could at common law maintain trespass *quare clausum fregit*, against a mere wrong-doer who disturbed his possession; and can it be possible that the legislature intended by this act to give to such a person treble the value of timber and minerals, etc., taken from land in which he has no interest, simply because he is in possession of the land? Will it be claimed that he has any interest in the timber or minerals, when he has no interest in the land from which they are taken? It is to the *owner* of the land that the statute in express words gives these treble damages, and not to a person who is merely in possession. But must the owner of the land be in possession of the same in order to recover? There is nothing in the statute that requires that he should be; and what is left out of the statute by the legislature is not to govern. It is certainly as much within the scope of the legislative authority to prescribe that the owner of the land may recover treble damages for injuries done to his property when he is not in possession

of his land as when he is; and the fact that the statute does not mention or even hint at possession as being a prerequisite to the commencement or maintenance of the action to recover the damages it authorizes, is clear proof that there was no intention to require any such condition precedent. The true way for courts to ascertain the legislative intention is to observe and be guided by the language of the statute, and if this be clear and free from ambiguity, there is nothing left for interpretation; for when the act is conceived in clear and precise terms, when the sense is manifest, and leads to nothing absurd, there can be no reason to refuse the sense which it naturally presents. To go elsewhere to obtain something to enlarge its meaning is to endeavor to elude it. In construing this statute, if the court should adopt the theory of the defendant below, it would assume the extraordinary power of supplying a supposed omission, or rather of injecting into the statute a new term or provision. Such is not the office of interpretation. The office of interpretation is not to put a sense into language, but to ascertain the sense already existing therein.

7. Statutes, how construed.

The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., did not sit in the case.