Wilson v. Phillips.

---

ANDREW WILSON v. E. A. PHILLIPS.

AMENDMENT; *Pleading; Allegation of Time.* A party who has alleged in his pleading that a certain promissory note was made on a certain day, may at the trial, with the consent of the court, so amend his pleading as to allege that the note was made on some other day.

*Error from Shawnee District Court.*

ACTION by *Phillips* on a promissory note. The petition alleged the note was made in *April.* . At the trial, December Term, 1870, a note made in *March* was offered in evidence, and being objected to, *Phillips* asked and obtained leave to amend his petition. This is the error complained of. Judgment for the plaintiff, and *Wilson* brings the case here for review.

*Martin, Burns & Case,* for plaintiff in error:

The amendment was allowed under the supposed authority of § 139 of the civil code, which provides that "the court may amend any pleading," etc., "by adding or striking out," etc., "or correcting a mistake in any respect," etc., "when such amendment does not *change substantially* the claim or defense."

There is certainly nothing in the case to show that the plaintiff below made a "mistake" in the description or date of the

note as first set out in his original petition, or that he did not hold such a note as there described. And clearly, an amendment by striking out a description of *one note*, and inserting that of *another*, necessarily changes substantially both the claim and the defense, for the reason that what would be a good defense to one note might be inadmissible or no defense to the other.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note which reads as follows;

"$901.00.                    TOPEKA, KAS., March 1st, 1869.

"Ninety days after date for value received I promise to pay to the order of E. A. Phillips nine hundred and one dollars at banking house of F. W. Giles & Co.            A. WILSON."

Said Phillips who was plaintiff below alleged in his petition that the said Wilson *made* said note on the first day of *April*, instead of alleging that the note was made on the first day of *March*, as the fact was. At the trial the plaintiff below offered this note in evidence. The defendant objected. "And thereupon the plaintiff asked leave to amend his petition, by striking out the word 'April' and inserting the word 'March' in the fourth line from the top in the plaintiff's petition, which leave was granted by the court; and thereupon the plaintiff amended his petition as asked; to all of which rulings and orders of the court the defendant at the time excepted." This is the only ruling of the court below of which the plaintiff in error complains in this court. And this ruling we think was correct. Gen. Stat., 655, § 139; *Fitzpatrick v. Gebhart*, 7 Kas., 35. The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.