Little Rock and Fort Smith Railroad Company vs. Dyer.

---

## LITTLE ROCK AND FORT SMITH RAILROAD COMPANY VS. DYER.

1. PARTIES: *Action for trespass on homestead of a deceased husband.*
   The widow is entitled to the possession of the whole homestead of her deceased husband, and is the proper party to bring an action for trespass in entering upon and using it. The heirs may sue separately, in case, for a permanent injury to the freehold, resulting from the trespass.

2. PRACTICE: *Parties: Misjoinder of. How corrected.*
   Misjoinder of parties plaintiffs is no ground for arrest of judgment. It may be set up by answer; or, if it appear from the pleadings, may be corrected by motion.

3. RIGHT OF WAY: *Damages for, against railroad companies: Pleading.*
   A railroad company having a right of way absolutely by its charter, subject only to damages for taking land without compensation, is not liable to the action of trespass for doing so. The remedy provided by act of January 22, 1855 (*Gould's Dig.*, 884), for obtaining assessment and payment of damages, is exclusive. But companies organized under general acts under the constitution of 1868, have no such general right to enter upon and use lands. They must first make, or provide for, compensation for them, or they will be liable in trespass for the entry upon and taking of the land. If a railroad company belong to the class not liable to the action of trespass, it must show it in its answer to such action; otherwise, the general rule applies, which makes corporations, as well as individuals, liable for civil torts.

4. TRESPASS: *Pleading: Vi et armis not necessary allegation.*
   It is not necessary in trespass to allege in terms that the injury was done *vi et armis*.

Little Rock and Fort Smith Railroad Company vs. Dyer.

APPEAL from *Crawford* Circuit Court.
Hon. THOMAS MARTIN, Special Judge.
*Clark & Williams*, for appellant.

EAKIN, J.    Appellee, a widow, occupying the farm of
her deceased husband, together with some of his children,
as a homestead, joined the heirs in a suit against the com-
pany, for entering upon the land and building through it
a road-bed.    There had never been any administration on
the estate.

They simply allege that defendants, without their con-
sent, and without compensating them, or offering to do so,
for damages sustained, or yet to be sustained, entered upon
a portion of the lands constituting the farm, and con-
structed a solid embankment, nearly a quarter of a mile
long, through open fields.    They say that by reason
thereof, the lands and fields came to be overflowed and
washed, and they were, in a great measure, deprived of
the use of them in cultivation.    Damages are laid at $800.

Defendant denies the want of permission, setting up the
written consent of plaintiff, Sarah Dyer, who, it alleges,
had control of the premises.    It denies, also, that the over-
flow of water was caused by the embankment.

The material evidence, the effect only of which is stated
in the bill of exceptions, showed that in 1877 nearly all of
the premises were so overflowed by water as to be unfit
for cultivation, and that the damages to the premises was
" from $50 to $800."    There was some testimony *tending
to prove* that said inundation was caused by the embank-
ment; and, for the defendant, some to the contrary.    It
was proved that defendant put a culvert in the embank-
ment of sufficient capacity to admit the flow of ordinary

rain-falls; and that the land had been used to overflow before, but not more than from one-eighth to one-third the extent that it had after the embankment was built.

Defendant showed that Sarah Dyer, on the thirteenth of December, 1870, granted it, by deed, a right of way through the "east half of the southwest quarter of section 36." The pleadings, however, admit that the defendant entered, also, on the northeast quarter of the northwest quarter of section 1, for the purposes of the embankment. In other words, the grant does not cover the lands taken.

Upon the trial the jury found for *the plaintiff* the sum of $300 damages, for which judgment was rendered in favor of Sarah Dyer.

Defendant reserved no exceptions to the instructions, and moved for a new trial on the grounds:

1.   That the verdict was contrary to the weight of evidence, and the law and instructions of the court.

2.   That the damages were excessive.

The motion was overruled.

The court also refused a motion to arrest the judgment, and defendant appealed. The motion in arrest appears in the transcript of the proceedings. It was grounded on a misjoinder of parties, and failure of the complaint to show cause of action.

The action is one of trespass.

There are no allegations in the complaint adapted to sustain the old action on the case, for negligence and want of skill in the construction of the road-bed, whereby damage ensued.

1. PARTIES: In action for trespass on a deceased husband's homestead.    The widow, whilst living, is entitled to the possession of the whole homestead, and is the proper person to bring the action for the trespass in entering and building the embankment. The heirs could have sued separately, in case, by alleging a permanent injury to the freehold as a

Little Rock and Fort Smith Railroad Company vs. Dyer.

consequence of the trespass. The judgment in this case, however, for the immediate damage, if proper at all, was properly rendered in favor of Sarah Dyer. Misjoinder of parties, however, is not good ground for motion in arrest of judgment. It may be set up in the answer; or if it appear from the pleadings, may be corrected by motion.

The "Little Rock and Fort Smith Railway company" is here sued as a corporation, and answers as such. It will, therefore, in this case be so considered. But there is nothing in this record to advise us when it was organized by the present name. If it had right of way absolutely by its charter, subject only to damages for taking land without compensation, then it was not liable to the action of trespass. The remedy provided by act of January 22, 1855, (*Gould's Digest, p. 884*), for obtaining assessment and payment of damages would be exclusive. (See *C. and F. R. R. Co. v. Turner, 31 Ark., 499; Same v. Trout, 32 Ark., 17; Johnson v. St. L., I. M. and S. Ry. Co., ibid, 758*). Companies chartered or organized by virtue of general acts, under the constitution of 1868, have no such general rights to enter upon lands and use them. It is conditional that prior compensation be paid, or provided for. (*Const. of 1868, Art. V, sec. 48.*) If the defendant was organized by, or derived its powers from an act under that constitution, and had not obtained a grant of the right of way, nor made nor provided for compensation, its action would be a trespass. If it belongs to the class of corporations not liable in this action, it should have shown it. Otherwise the general rule applies, which makes corporations as well as individuals liable for civil torts.

The complaint, though somewhat informal, was good, as an action of trespass. It is not necessary, in terms, to allege that the injury was done *vi et armis*.

**Margin notes:** 2. PARTIES: Misjoinder of, how corrected. 3. RIGHT OF WAY. Damages for, against railroad companies. Pleading. 4 TRESPASS: Pleading: *Vi et armis* not necessary allegation.

The next inquiry raised by the motion for a new trial is, was the verdict such as the law, instructions and evidence can support?

The instructions embraced both aspects of plaintiff's case, and advised the jury with sufficient accuracy, of the law of damages applicable not only to a trespass and its legitimate consequences, but also to an action on the case for want of skill and due care in building the embankment. There being no allegations to support any proof as to want of skill and care, the latter branch of the instructions was unadvised. They appear in the bill of exceptions, and although exceptions to them are not reserved, they may be noticed in explaining the verdict.

The plaintiff had granted a right of way over one forty-acre tract, and had no right to recover any damage as to that. The pleadings admit that the embankment passed partly through that, and partly through an adjoining forty-acre tract, over which defendant had no right of way. The verdict was, therefore, properly against the road.

Lastly, as to the amount: There is absolutely nothing to show how much of the damage resulting from the embankment was attributable to that portion of it which was unauthorized. All we know is, that the whole damage was from $50 to $800, which is wild, vague and uncertain. We do not know whether the jury had in view the necessary and proper damage resulting from a well-built embankment, or the damage from want of care and skill in building it. The sum of $300 is not warranted by any proof. The verdict should have been for nominal damages only, and costs. The onus of showing the amount was on plaintiff, and she did not sustain it.

Upon the return of this case, his honor, the circuit judge,

will exercise his discretion in allowing such amendments to the pleading as will present clearer issues.

For error in overruling the motion for a new trial, reverse the judgment, with directions to grant a new trial, and for further proceedings consistent with this opinion.