WILLIAM CASEY *et al* v. MACK MASON.

(Filed Nov. 6, 1899.)

1. PROPERTY—*Possession—Trespass—Pleading.* One may maintain trespass for injury to his possession, only when he is in the actual possession and so alleges, or where he is the owner of the fee, and further shows by his petition that the land is unoccupied, and the plaintiff has the constructive possession thereof. He may also maintain an action in the nature of trespass on the case where he alleges that he owns the legal title, and further sets out such a state of facts as will show that the injury is an injury to the real estate.

2. DAMAGES—*Pleading—Demurrer.* A petition which alleges that plaintiff is now, and has been since the 2d day of August, 1897, the owner in fee and entitled to the possession of certain land, describing it, and that the defendants, on the 6th day of August, 1897, and on divers other days between that day and the commencement of the suit, with force and arms, and against the consent of plaintiff, broke and entered upon said premises, and with teams and horses and mules and plows, then and there turned over and plowed, with said teams and plows, about 30 acres of said land, to the damage of plaintiff of $100, does not state a cause of action for either injury to the possession or for damages to the real estate; and a demurrer thereto, on the ground that the petition does not state a cause of action, should be sustained.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, District Judge.*

*Cotteral & Hornor* and *H. R. Thurston,* for plaintiff in error.

*Lawrence, Huston & Huston,* for defendant in error.

Action by Mack Mason against William Casey and Charles Casey. Judgment for plaintiff. Defendants bring error. Reversed.

Opinion of the court by

BURWELL, J.: The defendant in error, Mack Mason, commenced this action in the district court of Logan county against the plaintiffs in error herein, to recover damages for an alleged trespass upon real estate. The petition, omitting the caption, is in the following language:

"Mack Mason, plaintiff, by Lawrence, Huston & Huston, his attorneys, complains of William Casey and Charles Casey, defendants, and for his cause of action against said defendants alleges that he is now, and has been since the second day of August, 1897, the owner in fee and entitled to the possession of the southeast quarter of section thirty-one, (31) in township fifteen, (15) north, of range four, (4) west, of the Indian Meridian, in the county of Logan and Territory of Oklahoma; and that said defendants, on the 6th day of August, 1897, and on divers other days and times between that day and the commencement of this suit, with force and arms, and against the consent of plaintiff broke and entered upon said premises, with teams of horses and mules and plows, and then and there turned over and plowed, with said teams and plows, about thirty acres of said land, to the damage of plaintiff of one hundred dollars. Wherefore plaintiff demands judgment against said defendants in the sum of one hundred dollars damages and costs of suit.

"LAWRENCE, HUSTON & HUSTON,
    "Attorneys for Plaintiff."

To this petition the plaintiffs in error filed a general demurrer, which was by the court overruled, to which ruling the defendants at the time duly excepted, and in this court they assign such ruling as error.

As the ruling of the court on the demurrer is the first question to be disposed of, we will consider it at this time, before making a statement of the proceedings and trial subsequent thereto. It is contended by appellants that the petition fails to state a cause of action, because it nowhere shows that the plaintiff below was in the actual possession of the land at the time that it is claimed the trespass was committed; while, on the other hand, counsel for appellee contend that possession is not a prerequisite to maintaining the action, and that the allegations that appellee is and was the owner of the fee and entitled to the possession of the land, (describing it,) at the time of the alleged trespass, is sufficient.

What is a "trespass"? It is any misfeasance or act of one man whereby another is injuriously treated or damnified; (see Bl. Comm. 208;) any unlawful acts committed with violence, actual or implied, to the person, property, or rights of another; any unauthorized entry upon the realty of another, to the damage thereof; (2 Bouv. Law Dict. p. 747.) While different authors use different terms in defining the word, they all give to it the same meaning; but the definition given by Mr. Bouvier is probably as clear as any that can be found. The particular kind of trespass involved in this action, and to which alone we will direct our attention, is trespass upon real estate.

Originally, at common law, the only form of action for·
trespass upon real estate was trespass *quare clausum fre-*
*git*; and to maintain this action the plaintiff had to be in
possession at the time the injury was sustained, and this
action would only lie for injury to the possession. The·
owner of the fee could not maintain an action for tres-
pass, even for permanent injury to the land, unless he·
was in the actual possession; and this condition con-
tinued until, by the statutes of Westminster, a new form
of action was created, which enabled the owner of the·
fee to maintain an action for trespass where the dam-
age affected the land, and the right of the owner of the·
legal title to the benefits of this action, which was.
called "trespass on the case," did not depend upon pos-
session. These two forms of actions, therefore, existed
at common law, and are the law of this country, except
in so far as they are modified by statute. To sustain an
action of trespass on the case, a plaintiff, not in posses-
sion, had to plead and prove such a state of facts as would.
show that the injury complained of was an injury to the
land itself. But it is contended by the appellee that the
common-law forms of actions have been abolished, and
that now we have only one form of action, which is called
a "civil action," and that we are not required to plead
with that strictness that we were at common law.

This contention is, in a measure, undoubtedly correct,.
but, while the forms of actions have been changed, we
must not forget that the right of any particular action, as.
it existed at common law, remains the same, unless
abridged or denied by the statute; and, while the com-
mon-law forms of action have been abolished, the rights
of such actions continue to exist, but under a different

name. Every cause of action that existed under the common-law forms, which has not been abolished, still exists under the name of a "civil action." The statute did not abolish common-law causes of action— it only abolished their forms and grouped them under one head—and there is no difference between trespass at common law and under the statute. A plaintiff, under the statute, must allege and prove every fact that he was required to allege and prove at common law. To illustrate: The owner of the fee, not in possession, cannot, under the statute, maintain an action for injury to the possession any more than he could at common law. At common law a plaintiff had to allege such a state of facts as would show that he was entitled to the relief prayed, or his action was dismissed. Will he, under the statute, be excused by pleading less? Certainly not. Under the statute he may amend, but the same facts must be pleaded as at common law, only under a different form, and the pleading is given a different name. At common law a cause of action had to be stated in a certain form, with technical precision. The statute ignores this form, and looks to the substance of the pleading only. The statute, though, exacts from the pleader every allegation which is necessary to show that he is entitled to the relief sought.

With this thought in mind, we will return to the petition in this case. It alleges that the plaintiff was the owner of the fee, and entitled to the possession; but these allegations are not sufficient to show that he was in the actual possession. In fact, the allegation that he was "entitled to the possession" of the real estate indicates that he was not in the actual possession thereof, and that

is the construction which we place upon it; for it will be presumed that, if the plaintiff was in the actual possession of the land, he would have so stated in his pleading. But, under the contention of appellee, that would make no difference.

However, we take a different view of the law. Mr. Waterman, in his work on Trespass, (volume 2, section 987,) says: "The action (referring to trespass) is brought to recover damages for an injury to the plaintiff's possession of real estate. The substance of the declaration is that the defendant has forcibly and wrongfully invaded land in the possession of the plaintiff. Though the title of property in the locus may, and often does, come in controversy, yet the gist of the action is always the injury done to the plaintiff's possession, actual or constructive." We think that one is not entitled to maintain an action for trespass unless he is in the actual possession of the realty, except where he holds the fee, and the injury is to the land itself, or where plaintiff owns the fee, and further shows by his petition that the land is unoccupied, and he has the constructive possession thereof. This position is amply supported by the authorities.

In 2 Greenl. Ev. section 616, it is said: "But where the general owner has conveyed to another the exclusive right of present possession and enjoyment, retaining to himself only a reversionary interest, the possession is that of the lessee or bailee, who alone can maintain an action of trespass for a forcible injury to the property, the remedy of the general owner or reversioner being an action on the case." The same author, in the same volume, in section 613, in speaking of trespass, lays down

the following rule:  "Though the right of property may, and often does, come in controversy in this action, yet the gist of the action is the injury done to the plaintiff's possession. The substance of the declaration, therefore, is that the defendant has forcibly and wrongfully injured property in the possession of the plaintiff; and under the general issue the plaintiff must prove (1) that the property was in his possession at the time of the injury, and this, rightfully, as against the defendant; and (2) that the injury was committed by the defendant with force."

We will now notice the rule laid down in the American & English Encyclopaedia of Law in relation to this action, (volume 26, p. 580, *et seq.*):  "Possession is the detention or enjoyment of a thing which a man holds or exercises by himself, or by another, who keeps or exercises it in his name. One in possession of realty can generally maintain an action against one trespassing against his rights. Exclusive possession is possession to the exclusion of all others. Such possession, if peaceable, is always sufficient to maintain trespass *quare clausum fregit*. The action may sometimes be maintained when the plaintiff has not been in exclusive and peaceable possession. The possession must be *bona fide*, actual possession, either in person or by tenant. Such possession is sufficient to support the action of trespass. Even though this possession may have been illegally acquired, it is sufficient. Possession must have been had at the time the injury sued for was committed, and not at the time the action in trespass is brought."

And again, on page 615:  "The action of *quare clausum fregit* is the remedy made use of for a violent or forcible

injury to the real property. The close or parcel of land trespassed must be described either by ancient names, abuttals, or generally, in the United States, by lines and distances, any mistake being fatal. The gist of the action is the disturbance of possession."

In *Moon v. Avery*, (Minn.) 44 N. W. 257, it is said: "A plaintiff cannot recover in trespass *quare clausum* when he negatives possession in his pleading, for the gist of the action is the breaking and entering his close. Without possession, either actual or constructive, trespass cannot be maintained." ·

The supreme court of Alabama, in the case of *Rogers v. Brooks*, 11 South. 753, said: "The gist of an action of trespass is the injury done to the possession. To support it, the plaintiff must show that, as to the defendant, he had, at the time of the injury, rightful possession, actual or constructive. * * The substance of the complaint or declaration in trespass is that the defendant has forcibly and wrongfully injured the property in the possession of the plaintiff, and, under the general issue, the plaintiff must prove that the property was in his possession at the time of the injury, and this rightfully, as against the defendant, and that the injury was committed by the defendant with force."

In *Railroad Co. v. Dyer*, 35 Ark. 360, the following rule is stated: "The widow is entitled to the possession of the whole homestead of her deceased husband and is the proper party to bring an action for trespass in entering upon and using it. The heirs may sue separately, in case, for a permanent injury to the freehold resulting from the trespass."

The supreme court of Maryland, in the case of *Gent v. Lynch*, 87 Am. Dec. 559, stated the law in the following language: "The gist of the action of trespass is injury done to the plaintiff's possession. In order to maintain the action, therefore, possession by plaintiff is necessary. This possession may be either actual or constructive. A mere right to entry on lands is not sufficient, if they be in the actual possession and occupancy of a *disseisor*. The law is correctly stated by Greenleaf, in his excellent work on Evidence, (volume 2, section, 619,) where it is said: 'A *disseisee*, though he may maintain trespass for an original act of *disseisin*, cannot have this action for any subsequent injury until he has acquired the possession of re-entry.' Though 'At one time it was doubtful whether the action of trespass *quare clausum fregit* would lie at all where there was no actual possession, and the *locus in quo* was in a wild, unoccupied state, yet it has long been settled in this country, from the necessity of the case, not that the action will lie without possession, but it will lie upon that possession which the law implies to be in the owner of land, when no other possession is, in point of fact, on it. In such case, the owner has constructively the possession.' This is the meaning of the general expression used by the courts in *Norwood v. Shipley*, 1 Har. & J. 295, and in several other cases cited in arguments, that, in order to maintain the action, it is necessary for the plaintiff to prove title to the land, or that he was in the actual possession at the time of the alleged trespass."

Sir William Blackstone, in volume 3 of his Commentaries, on page 210, says: "One must have a property (either absolute or temporary) in the soil, and actual pos-

session by entry, to be able to maintain an action of trespass; or, at least, it is requisite that the party have a lease and possession of the vesture and herbage of the land.  *  *  But before entry and actual possession one cannot maintain an action of trespass, though he have a freehold in law. And therefore an heir, before entry, cannot have this action against an abator; though a *disseisee* might have it against a *disseisor*, for the injury done by the *disseisin* itself, at which time the plaintiff was seised of the land; but he cannot have it for any act done after the *disseisin*, until he hath gained possession by re-entry, and then he may well maintain it for the intermediate damage done; for after his re-entry the law, by a kind of *jus postliminii*, supposes the freehold to have been long continued in him. Neither by the common law, in case of an intrusion or deforcement, could the party kept out of possession sue the wrongdoer by a mode of redress which was calculated merely for injuries committed against the land while in the possession of the owner."

Mr. Chitty, in his work on Pleading and Practice (volume 1, pp. 175, 176,) states the law in the following language: "The gist of this action is the injury to the possession, and unless at the time the injury was committed the plaintiff was in actual possession trespass cannot be supported, and, though the title may come in question, yet it is not essential to the action that it should. Therefore the landlord cannot, during a subsisting lease, support trespass, but the action of trespass must be in the name of the tenant, or the landlord must proceed in case, unless the injury was committed to trees or other property excepted in the lease, when the latter may support

trespass *quare clausum fregit.*   *   *   There is a material distinction between personal and real property, as to the right of the owner.  In the first case, we have seen that the general property draws to it the possession, sufficient to enable the owner to support trespass, though he has never been in possession; but, in the case of land and other real property, there is no such constructive possession, and, unless the plaintiff had the actual possession at the time when the injury was committed, he cannot support this action."

These authorities certainly establish, beyond any question, that one must be in the actual or constructive possession of real estate at the time of the trespass, or he cannot maintain an action of *quare clausum fregit* therefor, and, as has been stated by many of the authorities, at common law actual possession was essential, but out of the very necessity of conditions sprang the rule of constructive possession.  But a rule of law which is born of necessity should only be extended to a point that will do exact justice, and at the same time preserve, as far as possible, the foundation principle on which that particular branch of the law rests.

The rule of constructive possession was first enunciated by the courts of this country during the early days when the country was sparsely settled, and when it was impossible for one who owned a large tract of land to inclose it and take actual possession thereof. Persons would acquire the legal title to large tracts of timber land, clear out a small field, fence it, and build their houses and other buildings on their respective tracts, and extend their fences as fast as they could. Now, in cases like these, the courts held that, by occupy-

ing a part of the real estate, the law presumed that the occupant was in the actual possession of all of the land in that particular tract for which he held the legal title, provided, however, that no one else occupied the land; but the rule of constructive possession was only invoked for the benefit of the plaintiff when he actually occupied a part of the particular tract, and his deed for such tract was of record. Since the enunciation of this rule the courts have widened its scope, until now, in many of the states, it is immaterial whether the plaintiff occupies any part of the real estate, provided he holds the legal title and there is no other actual possession. But this is the extent to which any court, so far as we know, has extended the rule of constructive possession, and the conditions which now exist will not justify a more liberal application thereof. As has been universally held by the courts, trespass is an injury to the possession, and one not in possession, either actual or constructive, cannot maintain an action in the nature of *quare clausum fregit*. It is necessary that the plaintiff allege possession, either actual or constructive, or his petition will not state a cause of action. He can choose his own words in making the charge, but an allegation which shows possession in the plaintiff is indispensible.

In 2 Wat. Tresp. section 995, it is said: "Where there is no averment that the plaintiff, at the time of the alleged trespass, had the actual possession of the land, or that, being then *disseised*, he has since regained possession by entry, or has obtained a judgment awarding it to him, there is no sufficient allegation to entitle the plaintiff to recover. But an allegation that the defendant broke and entered the plaintiff's close is a sufficient

averment of possession." But the same author, in the same section, after stating the above rule, further says that: "Possession in the plaintiff will sufficiently appear from an allegation of title in him; for if the land is vacant, and in the actual possession of no one, the title will, in judgment of law, draw after it the possession. Where, however, the complaint shows that before and at the time the plaintiff acquired title, the land was in the actual possession of the defendant, and has so remained ever since, the plaintiff thereby deprives himself of the benefit of his allegation of title."—citing *Gronour v. Daniels*, 7 Blackf. 108, and *Fitzpatrick v. Gebhart*, 7 Kan. 35.

The case of *Gronour v. Daniels, supra,* was an action by plaintiff to recover damages from defendant for cutting down and removing certain poplar trees from the plaintiff's close. The declaration in that case conformed in every particular with the form laid down in 2 Chit. Pl. p. 869. The contention in that case was not that an allegation of title is sufficient to maintain trespass, but that the plaintiff's declaration did not state a cause of action, because he failed to allege title.

The case of *Fitzpatrick v. Gebhart, supra,* also holds that, if the injury is to the possession, possession must be alleged. In that case Mr. Justice Valentine very ably discusses the very question now before us, using the following language: "But the change in the forms of action has not in the least affected the substantial rights of parties. Wherever a party had a remedy under the old forms of action, either at law or in equity, for any injury to his property he now has a remedy under our Code of Practice for such injury; and all that is necessary for him now to do, in

order to state a good cause of action, is to state 'the facts constituting his cause of action in ordinary and concise language, and without repetition,' (Gen. St. p. 647, section 87;) and he may always recover for such injuries as he states in his petition, (provided he proves them,) and for no more. If he states that he is the owner and is also in possession of the property, he may recover for injuries to both the land and to his possession; but when he states that he is the owner of the land, and does not state that he is in possession, he can recover for injuries to the land only. And his petition is not sufficient in such a case, because of his omission to state that he is in possession. In this case, the plaintiff did not attempt to prove, under the second count of his petition, any injuries except such as he had alleged in said second count, and except such as pertained to his house which was a part of his real estate."

Counsel for appellee cite a number of authorities, some of which apparently without any modification, lay down the rule that, where a plaintiff alleges that he is the owner of the fee, it is not necessary to allege that plaintiff was in possession at the time of the alleged trespass. We will at this time notice a few of these authorities. Mr. Waterman in his work on Trespass, (volume 2, section 918,) says: "Formerly a right of property and a mere right of entry were not deemed sufficient to enable a person to maintain trespass for an injury to land, but he must have had actual possession at the time of the trespass. The strict rule of the common law has however, been modified, and now the possession of land follows the title." The writer was speaking of constructive possession, and we apprehend that he only intended to

convey the thought that the constructive possession followed the title. The next sentence clearly shows this to be Mr. Waterman's view for he says: "The legal owner is presumed to be in possession, and may maintain trespass, unless there is an adverse possession or some claim by one in possession of a right, by contract or operation of law, to the exclusion of the owner."

The case of *Edwards v. Noyes*, 65 N. Y. 125, was a case where plaintiff occupied and cultivated a part of a tract only. The alleged trespass was committed on that part of the land not in plaintiff's actual possession. He claimed to be the owner of the fee, but the court held that, inasmuch as he failed to maintain his title, judgment should be against him. There is nothing in the decision to show the nature of the trespass but, as the land was woodland it is quite likely that the alleged trespass was for cutting and removing timber. *Safford v. Basto*, 4 Mich. 406, is also a case for permanent injury to the land, and the plaintiff there not only held the fee, but the land was unoccupied. The court said: "A party having the title to unoccupied lands is constructively in possession, and may maintain trespass against one who without his license or authority, having no color of title to the lands, and whose acts evince no intention to retain permanent possession, enters upon them, and cuts and carries away standing timber."

This decision was undoubtedly correct, for two reasons: First, the injury complained of was an injury to the real estate; and, second, the rule of constructive possession would authorize him to prosecute the action. *Brown v. Bridges*, 31 Iowa, 138, is a case where the plaintiff held the fee, but the land was in the possession of a

tenant. The trespass consisted of destroying a fence and cutting down a hedge, which, of course, was a part of the real estate.      The petition would have been good at common law, in an action on the case.      The court finally concludes in the following language: " We hold, therefore, that, under the system of procedure recognized by the Code, the owner of real estate which is in the actual occupation of a tenant may maintain an action for an injury to his estate." .

With this authority we most heartily agree, because the injury was an injury to the land, and not to the possession, and the petition stated the facts fully.

The rule enunciated in the case of *Sullivan v. Davis*, 29 Kan. 28, in no way differs from the law as stated in *Fitzpatrick v. Gebhart, supra,* and Justice Brewer cites the latter case with approval.                    -

The case of *Gillespie v. Dew,* (Ala.) 18 Am. Dec. 42, clearly supports our theory of this proposition.      The extent to which the court held was only that " one having title may maintain trespass for cutting timber, without actual possession, no one being in the actual possession." We deem it unnecessary to refer specifically to any of the other cases cited by the appellee, for the reason that an examination of them will show that in every case, when possession was not alleged, the injury was to the real estate, and the facts would have authorized an action on the case.

When a plaintiff brings an action, he must state the facts in ordinary and concise language.      After he has . done this, it then becomes a question of law as to whether he is entitled to recover; and a plaintiff may maintain trespass for injury to his possession only when he is in the actual possession, and so alleges, or where he is

the owner of the fee, and further shows by his petition that the land is unoccupied, and the plaintiff has the constructive possession thereof. He may also maintain an action in the nature of trespass on the case, where he alleges that he owns the legal title, and further sets out such a state of facts as will show that the injury is an injury to the real estate. These rules are fundamental, because if one has no possession of a certain tract of land, either actual or constructive, no right of his can be invaded by going thereon; and one having no legal title to real estate, either in whole, or a reversionary interest therein, cannot be damaged by the destruction of buildings or trees, or any of the appurtenances thereon or thereunto belonging, because he has no interest in the land. Where there is no right there can be no remedy. These views are supported by the case of *Bascom v. Dempsey*, (Mass.) 9 N. E. 744.

One other question remains to be settled before determining as to whether or not the demurrer was properly overruled, and that is, was the plowing of plaintiff's land an injury to the real estate? The petition nowhere alleges that the land plowed was meadow or grass land, or that appellants did any injury to any improvement. It only alleges that the appellants plowed plaintiff's land, to his damage, etc.; but, before we can say that the plaintiff suffered any damages by reason of the defendants' plowing his land, he must allege some state of facts that will show that the plowing damaged his real estate. Plowing land would be an injury to the possession, but not to the real estate, unless it were done under such conditions as would damage the soil, or destroy grass or some other grain or herbage, or improvements attached to the soil. But we think that the allegation

that the defendants plowed plaintiff's land, without a further statement of facts showing how such plowing injured his land, is not sufficient to justify a recovery for damages to his real estate.

The appellee has cited a few cases, other than those referred to heretofore in this opinion, in which it is held that it is not necessary for a plaintiff to allege possession in an action for trespass. But, strictly speaking, these cases are not for trespass at all. They are actions in the nature of ejectment, but by the statutes of several states are called actions in "trespass to try title." We have no such statute, but, even if we had, it would not change the rules stated herein. The pleader would have to state the facts, and from them the court would determine the character of the action, and, if the action were for an injury to the possession, the plaintiff would have to allege either that he was in the actual possession of the land, or set forth such a state of facts as would show that he had the constructive possession thereof; and to do this he would have to allege that the fee was in him, and that the land was, in fact, not occupied by any one else. We think that the petition failed to state a cause of action, and therefore the defendants' demurrer should have been sustained, and, this being true, it is not necessary to pass upon the other questions presented.

For the reasons herein stated, the judgment of the trial court is reversed, at the cost of appellee, and the case remanded to the lower court, with direction that the trial court sustain the demurrer, and to proceed further in accordance with the views herein expressed.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.