## CITY OF CHICKASHA v. LOONEY.

No. 2217.  Opinion Filed November 19, 1912.

(128 Pac. 136.)

1.  APPEAL AND ERROR—Review—Discretion of Trial Court. A motion to make more definite and certain is addressed largely to the discretion of the court; and its ruling thereon will not be reversed, except for the abuse of such discretion that results prejudicially to the complaining party.

2.  MUNICIPAL CORPORATIONS — Sewers — Overflowing Lands— Action for Damages. In an action against a city for damages, the petition charged that the plaintiff was the owner of a certain crop growing on lands located along the line of defendant's sewer connecting the city with a nearby river; that defendant was negligent in the construction and maintenance of said sewer, and in permitting surface water to flow through it, and to be discharged upon plaintiff's said crops, thereby destroying them, to plaintiff's damage in a given sum; that the claim had been properly presented to the city for allowance, and by its city council disallowed, prior to the bringing of the action. Held, to state a cause of action good as against a general demurrer.

3.  SAME. It is an actionable wrong for a municipal corporation to negligently construct or maintain a sewer, whereby surface waters

are diverted, and by artificial means collected in a body and discharged upon growing crops of a private individual, to his detriment.

4.    **APPEAL AND ERROR**—Review—Findings of Court.  Where the case is tried by a court, without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support its findings, such findings will not be disturbed on the weight of the evidence.

(Syllabus by Sharp, C.)

*Appeal from Grady County Court;*
*N. M. Williams, Judge.*

Action by J. G. Looney against the City of Chickasha. Judgment for plaintiff, and defendant brings error.   Affirmed.

*Thomas J. O'Neill* and *Harry Hammerly,* for plaintiff in error.

*Bond & Melton,* for defendant in error.

Opinion by SHARP, C.   Plaintiff's action was begun February 19, 1909.   On the 11th day of March thereafter defendant filed its answer, and on the 4th day of October thereafter obtained leave of court to withdraw its answer, for the purpose of filing a motion to make plaintiff's petition more definite and certain.   The request was granted, and the motion, upon being filed, was overruled.   The petition charged that the alleged injury caused was the result of negligence, both in the construction and maintenance of a sewer, and in permitting surface waters to flow into and through said sewer, causing it to burst at a place near the lands being cultivated by plaintiff, whereby the water flowing through said sewer was permitted to escape upon and overflow the lands upon which plaintiff's crop was being grown.   It was sought by the motion to have plaintiff set out in his petition wherein the defendant was negligent, either in the construction or maintenance of its sewer.

A motion to make more definite and certain is one addressed largely to the discretion of the trial court; and its ruling thereon will not be disturbed, except for an abuse of such discretion that results prejudicially to the complaining party.   *Ft. Smith & W. Ry. Co. v. Ketis,* 26 Okla. 696, 110 Pac. 661; *Landon et al. v.*

*Morehead,* 34 Okla. 701, 126 Pac. 1027; *Ambrose et al. v. Parrott,* 28 Kan. 699; *Missouri Pacific Ry. Co. v. Merrill,* 40 Kan. 404, 19 Pac. 793; *St. L. & S. F. R. Co. v. French, Adm'x,* 56 Kan. 584, 44 Pac. 12. We cannot say from a careful reading of the entire record that defendant was in any wise prejudiced by reason of the court's ruling. Its superintendent of waterworks was present, and testified fully, both concerning the construction and maintenance of the sewer and its condition at the time that the damages were sustained. Other employees of the city, who assisted in the repair work, were witnesses, as was E. E. Colby, a civil engineer of thirty-two years' experience, who testified on behalf of defendant. We are unable, therefore, to see wherein defendant could have been prejudiced from the indefiniteness of the petition in not more particularly setting out the acts or omissions complained of. In so far, however, as the damages may have been caused by the negligent maintenance of the sewer, whereby surface waters were permitted to flow into and through it, and to be discharged on plaintiff's crops, we think the petition is sufficiently definite and certain; and, as there is evidence tending to show that the damages were sustained from this source, clearly no reversible error was committed in overruling the motion.

*Irwin v. Irwin,* 2 Okla. 180, 37 Pac. 548, *City of Guthrie v. Shaffer,* 7 Okla. 459, 54 Pac. 698, and *Casey v. Mason,* 8 Okla. 665, 59 Pac. 252, cited by counsel for plaintiff in error, are not in point, as in none of these cases does it appear that a motion to make the petition more definite and certain was filed.

Nor do we think the court erred in overruling defendant's demurrer to plaintiff's petition. The petition contains all the necessary allegations to constitute a cause of action in favor of plaintiff and against defendant. It charged that the plaintiff was the owner of certain growing crops, through and under which defendant's line of sewer extended from the city limits to the Washita river. It charged defendant with negligence in the construction and maintenance of said sewer, and in permitting surface waters to flow into and through it, and to be discharged upon plaintiff's crops, thereby destroying them, to plain-

tiff's damage in the sum of $300; that said claim was properly presented to the city for allowance, and by the city council disallowed, prior to the bringing of the action. The ownership of the crops, the actionable negligence of the defendant, and the consequent loss to plaintiff, and the presentation and disallowance of the claim, stated a cause of action in plaintiff's favor.

It is next urged that judgment should have been entered in favor of defendant in the court below, and that the judgment of the court is not sustained by the evidence. As a general rule, it may be said that a municipal corporation is bound to exercise oridnary and reasonable care and skill in the construction and maintenance of its sewers, and is responsible for any damages resulting from an omission in the performance of said duty. It has no right to divert surface waters, and by artificial means collect it in a body and discharge it upon the lands of private individuals, to their detriment. *Town of Norman v. Ince,* 8 Okla. 412, 58 Pac. 637; *King v. City of Kansas City,* 58 Kan. 334, 49 Pac. 88; *City of Houston v. Bryan,* 2 Tex. Civ. App. 553, 22 S. W. 231; *Nevins v. Peoria,* 41 Ill. 502, 89 Am. Dec. 392; *Ashely v. Port Huron,* 35 Mich. 296, 24 Am. Rep. 522; *O'Brien v. St. Paul,* 25 Minn. 331, 33 Am. Rep. 470; *Hitchins v. Mayor,* 68 Md. 100, 11 Atl. 826, 6 Am. St. Rep. 422; *Pye v. Mankato,* 36 Minn. 373, 31 N. W. 863, 1 Am. St. Rep. 671; *Seifert v. Brooklyn,* 101 N. Y. 136, 4 N. E. 321, 54 Am. Rep. 664; *Gillison v. Charleston,* 16 W. Va. 282, 37 Am. Rep. 763; *Rychlicki v. St. Louis,* 98 Mo. 497, 11 S. W. 1001, 4 L. R. A. 594, 14 Am. St. Rep. 651.

It was charged in the petition that surface waters were permitted to flow into and through the sewer, causing the plaintiff's crops to be flooded and destroyed. That the injury was caused by the negligence of defendant, either in the construction or maintenance, or both, of the sewer, is supported by the testimony of plaintiff's witnesses, and was considered and determined by the trial court adversely to the plaintiff in error; and it is not our province to weigh the testimony or pass upon the credibility of the witnesses. *Moore v. First Nat. Bank of Iowa City,* 30 Okla. 623, 121 Pac. 626; *Hilsmeyer v. Blake,* 34 Okla. 447,

125 Pac. 1129. That the sewer pipes were broken near the lands cultivated by plaintiff was not denied. That the water ran out of the manholes to such an extent that they bore the appearance of artesian wells is shown by the testimony of two witnesses for the plaintiff. That this was the result of defendant's negligence, in either the construction or maintenance of the sewer, cannot seriously be denied. We have carefully read the testimony of all witnesses, and cannot escape the conclusion that the liability of the city was clearly shown. While the testimony in some of its material aspects was conflicting, there was sufficient evidence to warrant the court's judgment.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.